### GULF BENEFICIAL SOC. v. SHARP.
### No. 2767.

Court of Civil Appeals of Texas. Beaumont.
Oct. 29, 1935.

Rehearing Denied Nov. 6, 1935.

Duff & Cecil, of Beaumont, for appellant.

Fred A. White, of Port Arthur, for appellee.

WALKER, Chief Justice.

This case originated in justice court. Appellant, Gulf Beneficial Society, has made the following statement of appellee's cause of action and of its defense:

"The appellant is an unincorporated voluntary beneficial society, created and organized by and among the employees of the Gulf Refining Company. It was not created and is not operated for gain or profit, but its sole purpose is to provide a means for weekly benefits, in the event of sickness or injury of its members. No one but an employee of the Gulf Refining Company may become a member of the society and the society is supported by an initiation fee of $1.00, charged to each member, and dues of $1.00 per month. Section 2 of Article I of the Constitution and by-laws of the society provides:

" 'The object and purpose of this society shall be to provide a fund for the payment of benefits to its members in case of sickness, accident or death, as hereinafter provided * * *.'

"The society is governed by a board of ten directors, whose duties and the method of their election are set forth in Section 2 of Article III of the constitution and by-laws, pages 53 and 54 of the Statement of Facts. Section 3 of Article III of the constitution and by-laws provides:

" 'The Board shall have full power to decide all disputes that may arise concerning the payment of dues and benefits, or any other controversies which may arise in connection with the society's business or operation thereof, and its decision shall be final.'

"Section 5 of Article III provides:

" 'Meetings of the Board of Directors shall be held once each month, at such time and place as they may decide.'

"Section 4 of Article IV provides:

" 'The secretary shall keep a record of all proceedings of the meetings, shall act as Secretary ex-officio of the Board of Directors, have charge of all correspondence, keep all documents entrusted to his care, and keep an account with each member of the society.'

"Section 3 of Article VIII provides:

" 'Members in good standing, paying dues of One ($1.00) dollar per month, shall be entitled to benefits from the Society as follows:

" 'For sickness or accidents: Whites will receive Two ($2.00) Dollars per day, and Negroes One ($1.00) Dollar per day, beginning with the morning of the fourth day of disability. Payments are not to exceed thirteen weeks for any one disability.'

"Section 3 of Article IX provides:

" 'Relapse. The decision as to whether any disability shall be considered a relapse of an original disability shall rest with the Medical examiner or visiting nurse, subject to approval of the Board. When a disability is classed as a relapse, it shall be considered as a continuation of the original disability, and the members shall only be entitled to benefits for such a number of days as added to the previous term of disablement shall make thirteen weeks.'

"Section 1 of Article XI provides:

" 'All questions or controversies of whatsoever character arising in any manner or between any persons with the Society in the operation thereof, whether as to claim for benefits preferred by any member or his legal representatives of beneficiary or beneficiaries, or whether as to the construction of language, or any rules and regulations, writing, decision, instruction or act in connection with the operation of the Society, shall be submitted for the determination of the Board of Directors whose decision shall be final and conclusive.'

"Section 2 of Article XI provides:

" 'The existence of the Society may be terminated at any time by a majority vote of the membership, and in such event the funds in the Treasury shall be used for the payment of outstanding claims and liabilities, and upon a completion of such payments the funds then remaining shall be divided into shares of uniform amount, equal in number to the total number of week's membership of all the members in good standing on the date of such termination and reimbursement shall be made such members on the basis of one share for each week they have been members of the society.'

"The appellee was a member in good standing of the Gulf Beneficial Society during the years 1930 and 1931, and in the year 1930 claimed the disability benefits under the constitution of the society for an injury sustained about that time and he was paid $2.00 per day for a period of about nine and one-half weeks, or the sum of $132.00, after which time he went back to work. In August, 1931, he claimed another injury, which was classified as a relapse of the previous injury, for which he had been paid benefits of approximately nine and one-half weeks, and he was, accordingly, paid for the second injury about $50.00, benefits, which made the total amount paid him by the society the sum of $182.00, which is all allowed for one disability under the constitution and by-laws of the society.

"The appellee claimed that he was entitled to the full thirteen weeks for the second injury, basing this claim upon his contention that the board of directors was in error in classifying his second complaint as a relapse of the first and that, therefore, he was entitled to the difference between $182.00, the total amount allowed for disability benefits, and the $50.00, paid him by reason of his second injury. He claimed that the board of directors in classifying his second injury as a relapse of the first one acted in fraud of his rights and, hence, a court of competent jurisdiction in Jefferson County,

Texas was entitled to pass upon his rights to disability benefits, as for a new and independent injury. The appellant contended and now contends that the decision of the board of directors as to the status of appellee's claim is final and conclusive upon the appellee, as provided in the constitution and bylaws of the society, and cannot be disturbed by the courts, in the absence of a positive showing of fraud perpetrated upon the appellee."

On the verdict of the jury judgment was in favor of appellee for the sum of $132.

 Appellee's pleadings were oral and under the authorities not subject to the strict construction of written pleadings. Vick v. Mobeetie Land Co. (Tex.Civ.App.) 24 S.W.(2d) 735. There is no suggestion that appellant suffered any surprise by reason of the testimony offered by appellee, or that it was deprived of the privilege of offering any testimony in its defense. No error was committed in overruling the special exceptions against appellee's petition.

Appellant was entitled to all the rights granted it by its by-laws, and its membership was bound absolutely by all good-faith rulings of its board, under the provisions of its by-laws. Spiner v. Western Union Telegraph Co. (Tex.Civ.App.) 73 S.W.(2d) 566. But, under all the authorities, the board could not act in an arbitrary manner in classifying the claims of its membership; it was required to act in good faith on the testimony adduced before it when the claim was under consideration. Now in this case it was shown beyond controversy that appellee received an injury to his back in 1930 for which he was paid 9½ weeks' compensation. It was also shown beyond controversy that he suffered a second injury in August, 1931, to his hip joint. Appellant's physician made a report of the first injury as to appellee's back and the second as to his hip. On the trial appellee offered the testimony of his physician to the effect that the injury of 1931 was to his hip. We have searched the entire record and have found no testimony connecting the injury of 1931, to the least extent, with the injury of 1930. The statement of facts shows that, in making the classification of relapse, the board had before it no testimony to that effect, but, on the contrary, the written report of its own physician was of a new injury to the hip. It is our conclusion that, in classifying the injury of 1931

as a relapse of the injury of 1930, the board, as a matter of law, acted in an arbitrary manner, and that, under all the decisions, appellee had the right to resort to the courts for relief.

Appellant reserved certain exceptions to the court's charge on the ground that the questions submitted were in the nature of a general charge. The authorities support these assignments. However, since it appears, as a matter of law, that the ruling of the board was arbitrary, appellee was entitled to judgment on the undisputed evidence.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

### On Rehearing.

Appellant assigns error against our conclusion that Dr. Long was "its own physician." We did not mean by that conclusion that Dr. Long was on appellant's payroll, but only that it had access to Dr. Long's report of appellee's injury and adopted that report and acted thereon to the same extent as if he had been on its payroll. In all other respects appellant's motion for rehearing is overruled.