### WEBSTER v. SOUTHWESTERN BELL TEL. CO.
### No. 4101.

Court of Civil Appeals of Texas. El Paso.
June 19, 1941.

Rehearing Denied July 10, 1941.

Guy Cater, of San Antonio, for appellant.

C. M. Means and John H. Bickett, Jr., both of Dallas, and Henry, Bickett & Bickett, of San Antonio, for appellee.

SUTTON, Justice.

This is an appeal from the Fifty-seventh District Court of Bexar County. The parties will be designated as they were styled in the trial court.

Gertrude Webster, surviving wife of D. J. Webster, as plaintiff, sued the Southwestern Bell Telephone Company, as defendant, to recover a sum of money equal to the annual wages of D. J. Webster, deceased, under a "Plan for Employees' Pensions, Disability Benefits and Death Benefits," as inaugurated and maintained by the defendant. The trial was to the court and jury. The case was submitted to the jury on one issue, wherein they were called upon to answer whether or not the plaintiff and deceased were living together as husband and wife at the date D. J. Webster died. The jury answered they were. On motion of the defendant the court rendered judgment for it notwithstanding the verdict. From that judgment the plaintiff has perfected this appeal.

The plaintiff has two assignments of error. One complains of the action of the court in sustaining a special exception to her allegation and claim for exemplary damages, and the other of the rendition of the judgment against her. There are seven propositions briefed.

A detailed statement of the pleadings will serve no purpose here. The plaintiff's petition was sufficient to show herself within the provisions of the plan of the defendant. The allegation seeking exemplary damages was, in substance, that she was sick at the time her husband died and in dire need of financial aid, all of which was known to the defendant, and notwithstanding which it knowingly, wilfully, wantonly, arbitrarily and oppressively failed, neglected and refused to pay her.

The defendant's answer was a general demurrer, a special exception to that portion of plaintiff's petition seeking exemplary damages, a general denial, a special denial that plaintiff was living with her husband at the time of his death, but that she had not lived with him for a long time prior thereto, and that, as alleged by plaintiff, her claim had been presented to the Employees' Benefit Committee of the defendant and by it rejected.

The defendant seeks to sustain the trial court's judgment primarily on the proposition that the fund and plan provided by the defendant for the benefit of its employees in case of sickness, accident and death and the administration thereof constitutes "a charitable enterprise," and defendant had the legal right to reserve to itself, or to a committee appointed by it, the final decision in all matters relating to the administration of the plan and fund, including the power to determine exclusively, in the absence of fraud or bad faith, how and to whom any such benefits shall be payable.

There is no allegation of fraud or bad faith, nor was there any offer of proof to establish such. The plan, as embodied in a pamphlet published and distributed by the defendant, was attached to plaintiff's petition as an exhibit and was introduced in evidence by her. There was no claim made by proof or pleading that the deceased husband of plaintiff was called upon to contribute or did contribute anything toward the fund to be expended under the plan. On the other hand, the proof is, as found in the plan, that all amounts payable under the Death Benefit Section shall be a charge to the operating expense account of the Company when and as paid. The undertaking by the defendant Company was purely voluntary and rested on no legal obligation. The plan also provided the committee shall determine conclusively for all parties all questions arising in the administration of the plan; that the amount to be paid and the beneficiary or beneficiaries who shall receive the same shall be determined by the committee, and that the committee shall have full authority to determine to whom payments shall be made and the amount of the payments, taking into consideration the degree of dependency and such other facts as it may deem pertinent.

The jury found, as hereinbefore said, that plaintiff was living with the deceased

as his wife at the date of his death. The proof in the record would have abundantly supported a contrary finding.

It has been held in this State and elsewhere that a fund and plan established as was done by the defendant in this case, constitutes a charitable enterprise; that the defendant had the right to reserve to itself the manner in which the plan should be administered; that the action of the committee is final and conclusive and binding upon all its employees and not subject to attack in the courts, in the absence of an allegation and proof of fraud or bad faith. Spiner v. Western Union Tel. Co., Tex.Civ. App., 73 S.W.2d 566, writ refused; Dowling v. T. & N. O. Ry. Co., Tex.Civ.App., 80 S.W.2d 456, writ refused; Magnolia Pet. Co. v. Butler, Tex.Civ.App., 86 S.W.2d 258, writ refused; and the authorities cited in these decisions. The disposition of this question necessarily disposes of the issue of exemplary damages.

The questions here presented have been so clearly and definitely settled we regard further discussion unnecessary.

The judgment of the trial court is affirmed.