## ASTON v. MAGNOLIA PETROLEUM CO.

### No. 15258.

Court of Civil Appeals of Texas.
Fort Worth.

June 22, 1951.

Rehearing Denied July 20, 1951.

H. L. Adkison, Fort Worth, for appellant.

Walace Hawkins, Earl A. Brown and Sam H. Field, Dallas, for appellee.

CULVER, Justice.

This suit was brought by Ruby Irene Aston against the Magnolia Petroleum Company for benefits under a plan known as the "Survivorship Benefit Plan for Twenty Year Employees," as the result of the death of her husband, George Aston. The case was tried on an agreed statement of facts, without a jury, and judgment was rendered for appellee, Magnolia Petroleum Company.

In 1937, the directors of the Magnolia Petroleum Company, hereinafter referred to as the Company, concluded that their "Revised Plan for Annuities and Insurance," which was adopted February 13, 1931, did not make provision for dependents of employees who died prior to retirement, and voluntarily set up the "Survivorship

Benefit Plan for Twenty Year Employees." This plan provided that should an employee, who had been credited with twenty years' service and while still in the active service of the Company, die prior to retirement under the "Revised Plan," the Company would pay a survivorship benefit in an amount equal to twice the annual rate of pay of the deceased employee based on the last payroll period for the calendar year preceding his or her death. No contributions were required of the employee and the funds for such benefits were paid wholly by the Company and charged to operating expense. There were, however, two additional requirements: (a) The employee must have been a contributor under the said "Revised Plan"; and (b) he must have made a designation of beneficiary in accordance with this plan.

George Aston was accidentally killed while in the scope of his employment with the Company, and it is agreed that at such time the deceased met all the requirements of the "Survivorship Benefit Plan for Twenty Year Employees."

Section 8 of the "Survivorship Plan" provided that "if any beneficiary or other person shall receive or be entitled to receive from any source, or if this Company shall be liable to pay to any of same any death or Workmen's Compensation benefit pursuant to any law now or hereafter in effect in connection with the death of the employee, toward the cost or payment of which benefits the Company directly or indirectly may contribute or be liable to contribute, then any payments by the Company under this Plan or the sum otherwise provided for any annuity, as the case may be, may be decreased by all or such part as the Board may determine, of the amount equivalent to such portion of the benefits payable under such laws as may be attributable to the cost to and/or payments or contributions by the Company in respect of such benefits under such laws. The amount of such decrease shall be fixed by the Board and its determination shall be conclusive for the purpose of this Plan."

The annual rate of pay of George Aston, based on the last payroll period for the calendar year preceding his death, was the sum of $4,378.40, and the benefit under such plan being two years' pay would amount to $8,756.80.

There was paid workmen's compensation by the insurance carrier for appellee Company in the sum of $9,000 or the commuted value thereof, one-half to appellant Mrs. Aston and one-half for the benefit of three minor children, whereupon the Board of the Company decided that no benefits under the plan would be paid, as the amount of compensation exceeded the amount of the benefits due under the survivorship plan. She was paid, however, all the benefits which accrued under the "Revised Plan" for annuities and insurance, to which the employee had made contributions during his lifetime.

Two points are raised by appellant in her appeal: (a) That the decision of the Board was not conclusive and final on all matters arising within the meaning or application of the survivorship plan in the absence of both pleading and proof that the Board acted in fraud or bad faith. (b) That the entire proceeds of the workmen's compensation should not have been offset against the amount of benefits payable under the survivorship plan.

By the terms of the said survivorship plan the Board designated by the Company was given the sole right to interpret the meaning and application of any provision of the plan and such decision should be conclusive. The Company also reserved the right at any time to terminate, withdraw or modify the plan in whole or in part, at the discretion of the Board. The stipulation of facts reads in part as follows: "During such period such plan, which had been voluntarily established, was voluntarily maintained by the Magnolia Petroleum Company, whose employees at no time have ever contributed to the benefits paid thereunder or to the cost of administering such plan."

In case of Spiner v. Western Union Telegraph Co., Tex.Civ.App., 73 S.W.2d 566, 568, under a somewhat similar set of facts, where the plan was deemed charitable in its nature and no contributions were made by the employees thereto, the court

wrote: "We think that this decision of the committee was final and binding on all parties and is not subject to attack in the courts, in the absence of actual fraud or bad faith." Other cases to the same effect are Magnolia Petroleum Company v. Butler, Tex.Civ.App., 86 S.W.2d 258; Webster v. Southwestern Bell Telephone Co., Tex.Civ. App., 153 S.W.2d 498; and Dowling v. Texas & N, O. Ry. Co., Tex.Civ.App., 80 S.W.2d 456.

 We think under the law set forth in the above authorities the Board clearly had the right to offset the compensation received by appellant and her children against the amount of benefits due under the survivorship plan.

Appellant cites several cases, such as Holt v. Wilson, Tex.Civ.App., 55 S.W.2d 580; Frick-Reid Supply Corp. v. Meers, Tex.Civ.App., 52 S.W.2d 115; and First National Bank of Dallas v. Brown, Tex.Civ. App., 34 S.W.2d 412, all to the general effect that parties cannot by agreement deprive the courts of jurisdiction conferred by constitutional and statutory authority; that such agreements are against public policy and are void. This is undoubtedly well settled law, but the facts in this case do not present such an agreement. The plan made by the Company was wholly voluntary on its part and subject to being withdrawn or amended at any time.

One other point raised by appellant relates to the renting of a dwelling from the Company by the deceased Aston. This dwelling was located upon Company property and was rented for the nominal sum of $10 per month. It was agreed that the reasonable rental value of this house on the open market at the time involved was $45 per month. Appellant insists that there should be added to the annual rate of pay the sum of $35 per month for two years. It is appellant's contention that in truth and in fact this was a part of the salary by the Company to the deceased.

 The facts are that such rental benefit was never taken into account by the Company in any income tax or social security withholdings so far as the deceased Aston was concerned or any of its other employees. While this was of direct monetary value to the deceased Aston, it was not one shown on the payroll. The Company's plan was based on the payroll and not on any other benefits which might have accrued to the employee by virtue of his employment. The decision of the Board was final and conclusive on this point as well.

Believing that the issues were correctly decided by the trial court, all points of error raised by appellant are overruled and the judgment is accordingly affirmed.