**W. G. GOING, Plaintiff In Error,**

**v.**

**SOUTHERN MILL EMPLOYEES' TRUST, and Roy Davis, R. E. Ahrens, and John T. Edwards, Trustees, Defendants In Error.**

**No. 36383.**

Supreme Court of Oklahoma.

March 29, 1955.

Van Cleave & Thomas, Harley Van Cleave and Raymond B. Thomas, and Charles C. Liebler, Tulsa, for plaintiff in error.

A. C. Saunders and R. C. Saunders, Tulsa, for defendants in error.

WILLIAMS, Vice Chief Justice.

This action was brought by W. G. Going, hereinafter referred to as plaintiff, against Southern Mill Employees' Trust and the trustees thereof, hereinafter referred to as defendants, to compel defendants to pay to plaintiff his alleged share of the funds of such trust which he alleges accrued to

him during his term of employment by Southern Mill and Manufacturing Company, creator of the trust. At the trial of the case plaintiff presented his evidence and rested, whereupon defendants demurred to the evidence and such demurrer was sustained by the court, the jury dismissed, and the judgment rendered for defendants. The only question presented by plaintiff's appeal is whether the trial court erred in sustaining defendants' demurrer to plaintiff's evidence.

In 1947 Southern Mill and Manufacturing Company established a profit sharing plan for retirement for the benefit of its employees in the form of an employees' trust. The trust is a voluntary one supported by contributions from the company's profits, and the employees make no contribution thereto. The provisions of the trust agreement specify who is eligible to participate, the conditions under which benefits will be paid to participants, a formula for determining credits to each participant's account, a formula for distributon of credits to participants, and provide for the administration of the trust by the trustees. Art. II, par. 3 of the trust agreement provides that eligible employees must make written application and consent to be bound by the terms of the trust agreement before they shall be entitled to participate in the benefits thereof and that the determination of the trustees as to the eligibility of any beneficiary to participate in the benefits thereof shall be final and conclusive. Art. VI, par. 5, of the trust agreement provides, in so far as is material here, that no employee shall receive any of the benefits of the plan who has not completed at least five years service with the company, except that if in the exercise of their sole discretion the trustees determine that an employee should be retired for reasons of health, sickness or disability, such employee shall receive the portion of benefits which have accrued to his credit during his term of employment regardless of the period of time in such employment.

The evidence reveals that plaintiff was employed by Southern Mill and Manufacturing Co. from May 15, 1950, until July 11, 1952, at which time plaintiff voluntarily terminated his employment with such company. Since plaintiff's term of employment was less than five years, it would appear that under the plain provisions of the trust agreement he was not entitled to participate in any of the benefits thereof. It is plaintiff's contention, however, that although he voluntarily quit his job, he did so because of physical disability and that he should therefore be considered as retired for reasons of health, sickness or disability. Plaintiff testified in this regard that he quit his employment on the advice of his physician and because he felt he was physically and permanently unable to do the job. Plaintiff offered considerable testimony relative to his alleged disability (which was in the nature of an ankle injury suffered prior to his employment with Southern Mill and Manufacturing Co.) but suffice it to say that such evidence revealed that the only determination made that plaintiff should be retired for reasons of health, sickness or disability was that made by plaintiff, himself. While plaintiff's determination that he should terminate his employment for reasons of physical disability was apparently based on competent medical advice, it did not in any way constitute a determination by the trustees, in the exercise of their sole discretion, that plaintiff should be retired for reasons of health, sickness or disability.

While this court has never before had occasion to consider a profit sharing trust or any similar plan or arrangement, or to determine the rights of any of the parties involved in such a plan, many of the other appellate courts in this country have considered such plans and arrangements. From a review of the opinions of those courts we conclude that an employer who creates a profit sharing retirement plan for the benefit of his employees, which plan is a voluntary one supported solely by contributions from the employer, has the right to prescribe the terms of the plan and the manner in which it shall be administered; and such terms as are prescribed are binding upon and determinative of the rights of an employee asserting a right to benefits thereunder. And where the terms of the plan as prescribed by such employer pro-

vide that the decision of the trustees appointed to administer such plan shall be final and conclusive, the decision of such trustees is binding on an employee claiming benefits under such plan. In this connection see McNevin v. Solvay Process Co., 32 App.Div. 610, 53 N.Y.S. 98; Dowling v. Texas & N. O. R. Co., Tex.Civ.App., 80 S.W.2d 456; Spiner v. Western Union Telegraph Co., Tex.Civ.App., 73 S.W.2d 566; Clark v. New England Telephone & Telegraph Co., 229 Mass. 1, 118 N.E. 348; Western Union Telegraph Co. v. Robertson, 146 Ark. 406, 225 S.W. 649; Menke v. Thompson, 8 Cir., 140 F.2d 786; 56 C.J.S., Master and Servant, §§ 167–169.

We conclude that the provisions of the trust agreement in question are binding on, and determinative of the rights of, plaintiff who is asserting the right to benefits thereunder, and that plaintiff has not shown any right of recovery on his part under such provisions. The trial court therefore did not err in sustaining the demurrer to plaintiff's evidence.

Judgment affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.