McNULTY, Judge.
Plaintiff-appellant had been an employee of the Beneficial Finance Company or of one of its subsidiary small loan companies for more than thirty years. He retired in 1964 and commenced receiving benefits in the form of monthly checks pursuant to an employee Pension Plan of the Beneficial Finance Company. Section 2A(6) of that Plan provides as follows:
“Retirement Allowances shall cease with the payment, for the month following that in which .death occurs. Any right or claim to any Retirement Allowance which any employee, retired employee or his beneficiary may have (a) shall terminate, or shall be discontinued or suspended for such periods as the Trustees *751 may determine, if the Trustees shall find that such employee or retired employee has been engaged in a business or occupation in competition with that of the Corporation or any subsidiary thirty days or more after the Trustees have given him written notice to cease his participation in such business or occupation.” (Italics supplied)
Several months after retirement appellant accepted employment as a loan officer with The National Bank of Tampa, discharging responsibilities as head of the installment loan department. On October 11, 1965 the trustees of the aforesaid employee Pension Plan notified appellant that, pursuant to the terms of the aforesaid § 2A(6) of the Plan, appellant’s benefits thereunder were being suspended until sufficient proof was received that appellant had withdrawn from competitive activity.
Plaintiff-appellant brings this appeal from an adverse judgment entered on his declaratory judgment action in which he sought to invalidate the actions of the trustees as aforesaid. He raises two points on appeal. First, he contends that § 2A(6) is void as against public policy in that it is a contract in unreasonable restraint of trade and violative of § 542.12, F.S.A. His second contention is that, even if the aforesaid § 2A(6) is valid, he was not properly found in violation thereof. We reject both contentions.
The Florida Supreme Court, in Barr v. Sun Life Assurance Company of Canada,[1] dealt with a provision of a contract similar in principle to the one before us. In that case the court upheld a contract of employment between an insurance company and its agent, and was concerned with a provision thereof dealing with the restrictions imposed on the agent if and when the employment relationship terminated. It was essentially agreed in that contract that if, after termination of the employment contract, the agent accepted like employment with another insurance company, he would forfeit any right to receive a commission on renewal premiums paid on policies of insurance he had sold during employment. The court in that case distinguished this type of agreement from one in restraint of trade and stated, at page 243:
“ * * * There is nothing in this contract which precludes the employee from accepting other like employment from another employer after the termination of his contract with Sun Life Assurance Company of Canada. Therefore, it is not a contract in restraint of trade such as the contract involved in the case of Love v. Miami Laundry Co., 118 Fla. 137, 160 S. 32, and other cases of that sort. Nor did this contract deprive the privilege of engaging in that vocation and work for which he was trained and which he was qualified to perform. The provision of the contract simply recognized the fact that the employer was entitled to have the good will and cooperation of the employee not only as long as the employee was employed by that employer, but for the full period of ten years during which he would receive commissions on renewal premiums and that the employee should be bound not to place himself in a position where he could not be reasonably expected to render that service * * * ”
Similarly, there is nothing in the Pension Plan which imposes a prohibition against the appellant from engaging in competition. If he chooses to do so, however, he suffers the suspension of his monthly checks. The choice is his, and the contract permits either alternative. There is nothing illegal or against public policy in such an agreement, and the rationale in Barr is controlling.
As to appellant’s second point, there is ample evidence in the record from which the trial judge could, and did, find that appellant was employed in sufficient *752 competition with his former employer to activate the provisions of § 2A(6) of the Pension Plan and to sustain the actions of the trustees pursuant thereto.
The judgment appealed from should be, and it is, therefore
Affirmed.
LILES, C. J., and PIERCE, J., concur.

. (1941), 146 Fla. 55, 200 So. 240.