SWANN, Judge.
Barton L. Cotton formerly worked for Edward Don & Company. He sued his former employer and sought to recover, inter alia, $3,316.18 as monies allegedly due to him as his vested share in a profit sharing and retirement plan which the company provided and funded for its employees. The plan, and a supplement, authorized a forfeiture of the entire interest of any participant in the plan who violated the terms of a written employment agreement with the employer company. Cf. Flammer v. Patton, Fla.App.1969, 223 So.2d 750.
Cotton had executed a written employment agreement with the company which contained certain covenants not to compete. The employer company alleged that Cotton had violated the terms of his written contract of employment in that he had solicited business from its customers and engaged in a business of the same nature within five months after termination of his employment and that he was not entitled to any shares under the plan because of these violations.
A jury trial resulted in a verdict and final judgment for the defendant employer. The employee Cotton has appealed.
Cotton argues that the covenant not to compete was invalid and not binding upon him because it contained no reasonable limitation as to area or territory. § 542.12(2), Fla.Stat., F.S.A.
The pleadings show that Cotton never raised the invalidity of the covenant not to compete because of the unreasonableness of the area involved as an issue in the trial court and there was never any request for such a ruling as a matter of law. The evidence adduced at trial was directed to whether Cotton had solicited customers of the employer or engaged in a similar business within five months from the termination of his employment. The jury verdict indicates that it found that Cotton had violated this prohibition in his written agreement with the employer.
Assuming, arguendo, that the invalidity of the covenant because of the unreasonableness of the area involved was properly raised in the trial court and that it was a proper issue for determination by the jury we note the court instructed the jury that “One who is employed as an agent or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonable limited time and area * * *
As stated above the jury issue raised between the parties was whether Cotton had performed any of the prohibited acts within five months after his employment with the company. If there was a jury issue properly raised as to the reasonableness of the area it would appear that the jury instruction above quoted submitted it to the jury for determination and that its determination was adverse to Cotton.
Cotton’s second point on appeal is as follows :
“Whether a Restrictive Covenant not to Compete which Deprives Employees of Vested Equitable Interest under a Profit Sharing Plan is Binding on Employees in Relation to Funds that had Accrued Prior to Date of Restrictive Covenant Agreement.”
The second point was never raised by the pleadings; was not tried before the jury and may not be raised for the first time upon appeal.
The final judgment for the defendant employer is
Affirmed.