2488

Payden SHAW and Juanita Shaw, Respondents v. ATLANTIC COAST LIFE INSURANCE COMPANY and Atlantic Coast Life Insurance Company Employment Benefit Plan, Appellants.

(470 S.E. (2d) 382)

Court of Appeals

*D. Cravens Ravenel,* of *Baker, Barwick, Ravenel & Bender,* Columbia; and *Peyre T. Lumpkin* of *Hinds, Cowan, Strange, Greer & Lumpkin,* of Georgetown, *for appellants.*

*Lisa Poe Davis,* of *Kelaher, Connell & Connor,* Surfside Beach, *for respondents.*

Heard Jan. 9, 1996.

Decided Mar. 18, 1996; Reh. Den. May 23, 1996.

HEARN, Judge:

Atlantic Coast Life Insurance Company (Atlantic Coast) and Atlantic Coast Life Insurance Company Employee Benefit Plan (the Plan) appeal the trial judge's Order denying their motions to transfer this case to the nonjury roster. We affirm.

Payden Shaw and his wife, Juanita Shaw, filed a complaint seeking damages from Atlantic Coast for breach of contract for failure to pay benefits for Juanita Shaw's medical expenses, incurred after receiving preoperative approval under the Atlantic Coast Life Employee Group Health Insurance. Payden Shaw's employer, Atlantic Coast, provided a group insurance plan for its employees and their family members. This Plan is an employer-sponsored, self-funded health insurance policy which is part of a qualified plan under the terms of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001, *et seq.*

Thereafter, the Shaws filed an amended complaint which named the Plan as an additional defendant. Both defendants moved to transfer the case to the nonjury roster on the ground, *inter alia*, that an action to recover ERISA benefits is equitable and there is no right to a jury trial. The trial judge denied the defendants' motions. Both defendants appeal.

I.

Appellants assert the trial judge erred in finding that the Shaws requested a jury trial in that no jury request was made in the Amended Complaint. We disagree.

The trial judge's Order denying Appellant's motions to transfer the case to the nonjury docket stated in part, "[a]fter Plaintiffs requested a jury trial, Defendants moved to transfer the case to the non-jury docket." Appellants argue that although the original Complaint filed contained the word "jury," the Amended Complaint contained no such designation. Furthermore, Appellants argue that pursuant to Rule 38(d), SCRCP, the Shaws failed to serve a demand for a jury trial, which constituted a waiver of a jury trial.

The method for demanding a jury trial is set forth in Rule 38(b), SCRCP, which states:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

The failure to serve and file a timely demand is governed by Rule 38(d), SCRCP, which provides:

> The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties, except where an opposing party is in default under Rule 55(a).

Once a jury trial is properly demanded it may only be waived based on the provisions of Rule 39(a), SCRCP, which states:

> When a trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the calendar and the clerk's filebook as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist.

Pursuant to Rule 38(d) and 39(a), SCRCP, we find the Shaws properly demanded a jury trial and did not waive this right. Although the Amended Complaint did not designate the case as "jury," the initial Complaint properly made this designation on its face. The Amended Complaint only added the Plan as a defendant and did not add additional causes of action which would have affected the "jury" designation. Furthermore, neither the Shaws nor their attorney stipulated in writing that a jury trial was waived.

## II.

Appellants assert the trial judge erred in denying their motions to transfer the case to the nonjury roster. The key issue in this appeal is whether the Shaws, seeking recovery of benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B), are entitled to a jury trial. We hold the trial judge correctly ordered a jury trial.

Most federal courts have denied a jury trial for benefits-due lawsuits under ERISA. These courts have cast employee benefit plans as trusts, subject to equitable jurisdiction. *See, e.g., Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F. (2d) 820 (7th Cir. 1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed. (2d) 841 (1981); *accord In re Vorpahl,* 695 F. (2d) 318 (8th Cir. 1982); *Calamia v. Spivey,* 632 F. (2d) 1235 (5th Cir. 1980); *Berry v. Ciba-Geigy Corp.,* 761 F. (2d) 1003 (4th Cir. 1985); *Blake v. Unionmutual Stock Life Ins. of America,* 906 F. (2d) 1525 (11th Cir. 1990); *Bair v. General Motors Corp.,* 895 F. (2d) 1094 (6th Cir. 1990); *Cox v. Keystone Carbon Co.,* 894 F. (2d) 647 (3d Cir. 1990), *cert. denied,* 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed (2d) 23; *Kirk v. Provident Life and Accident Ins. Co.,* 942 F. (2d) 504 (8th Cir. 1991); *Connors v. Ryan's Coal Co.,* 923 F. (2d) 1461 (11th Cir. 1991); *Biggers v. Wittek Indus. Inc.,* 4 F. (3d) 291 (4th Cir. 1993); *Spinelli v. Gaughan,* 12 F. (3d) 853 (9th Cir. 1993).[1]

Since ERISA grants concurrent jurisdiction to the states in benefits-due actions, the jury trial issue also has been considered by state courts. ERISA is silent on the right to a jury trial; therefore, state courts considering the issue have focused on their own constitutions and statutes. They have also considered whether the employee benefit plan should be viewed as a contract, legal in nature, or as trust, equitable in nature. *George Lee Flint, Jr., ERISA: Jury Trial Mandated for Benefit Claims Actions,* 25 Loy. L.A.L. Rev., 361, 376 (1992). This case marks the first time a South Carolina court has been asked to rule on this issue.

The majority of state courts, prior to and subsequent to the enactment of ERISA, have viewed the plans as contractual, thus granting jury trials in benefits-due lawsuits. *See, e.g.,*

---

[1] This approach has been criticized by commentators. *See, e.g.,* George Lee Flint, Jr., *ERISA: Jury Trial Mandated for Benefit Claims Actions,* 25 Loy. L.A.L. Rev. 361 (1992).

*Wayte v. Rollins Int'l Inc.*, 169 Cal. App. (3d) 1, 215 Cal. Rptr. 59, 63 (1985) (pre-ERISA plan contractual so jury trial; employee sued plan for medical benefit); *Bird v. Connecticut Power Co.*, 144 Conn. 456, 133 A. (2d) 894 (1957) (former employee sued for pension payment from pension plan); *Cotton v. Edward Don & Co.*, 245 So. (2d) 881, 882 (Fla. Dist. Ct. App. 1971) (former employee sued employer for vested share in profit-sharing plan); *General Elec. Co. v. Martin*, 574 S.W. (2d) 313, 315 (Ky. Ct. App. 1978) (former employee sued employer for disability benefit from pension plan); *Montgomery Ward & Co. v. Williams*, 330 Mich. 275, 47 N.W. (2d) 607, 608 (1951) (employer sued employee to recover amount wrongfully paid under health and accident insurance plan); *Rakness v. Swift & Co.*, 286 Minn. 74, 175 N.W. (2d) 429, 432 (1970) (employee sued employer for denied disability benefit from retirement plan); *Blacik v. Canco Division—American Can Co.*, 279 Minn. 266, 156 N.W. (2d) 239, 242 (1968) (former employee sued employer for additional retirement benefit and vacation pay); *Stopford v. Boonlon Molding Co.*, 56 N.J. 169, 265 A. (2d) 657, 659 (1970) (retiree sued employer for anticipatory breach of vested contractual right to pension from pension plan); *Hindle v. Morrison Steel Co.*, 92 N.J. Super. 75, 223 A. (2d) 193, 194 (App. Div. 1966) (former employee sued employer to recover contractual rights in retirement fund); *Gearns v. Commercial Cable Co.*, 266 A.D. 315, 42 N.Y.S. (2d) 81, (1943) (employee sued employer for monthly payment due under retirement plan), *aff'd*, 293 N.Y. 105, 56 N.E. (2d) 67 (1944); *Going v. Southern Mill Employees' Trust*, 281 P. (2d) 762 (Okla. 1955) (employee sued trust to compel payment of share in profit-sharing plan); *Amicone v. Kennecott Copper Corp.*, 431 P. (2d) 130 (Utah 1967) (employee sued employer for disability benefits from pension plan).

A minority of state courts have viewed the matter under trust law and therefore denied jury trials. *See, e.g., Kennet v. United Mineworkers*, 183 F. Supp. 315, 316 (D.D.C. 1960) (tried without jury; retiree suing for benefit termination from multi-employer plan); *Ruth v. Lewis*, 166 F. Supp. 346, 348 (D.D.C. 1958) (judge weighed evidence for former employee suing for pension benefit from multi-employer plan); *Hobbs v. Lewis*, 159 F. Supp. 282, 284 (D.D.C. 1958) (same); *Ex parte Garner*, 280 Ala. 111, 190 So. (2d) 544, 546 (1966) (former em-

ployee sued trustee for benefit from profit-sharing plan; case transferred from law to equity; presumed nonjury trial as before Alabama required jury trial in equity); *Barlow v. Roche,* 161 A. (2d) 58, 63 (D.C. 1960) (tried in equity even though brought as action at law for monies due and owing under multi-employer health plan); *Forrish v. Kennedy,* 377 Pa. 370, 105 A. (2d) 67, 68 (1954) (employee sued trustees for retirement pension from muilti-employer plan in equity). *But see Dixon v. Northwestern Nat'l Bank of Minneapolis,* 297 F. Supp. 485, 489 (D. Minn. 1969) (former employees' suit for vested benefit upon profit-sharing plan termination has right to jury trial under trust law's legal remedy).

Appellants argue this Court is bound by the Fourth Circuit decisions which have held that ERISA actions are equitable and do not afford a jury trial. *Berry v. Giba-Geigy Corp.,* 761 F. (2d) 1003 (4th Cir. 1985); *Biggers v. Wittek Indus. Inc.,* 4 F. (3d) 291 (4th Cir. 1993). Respondents dispute these cases as being dispositive and argue that the United States Supreme Court impliedly overruled *Berry,* on which the *Biggers* court relied, in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed (2d) 80 (1989). We agree.

In *Berry,* an employee disability benefits plan beneficiary brought suit is state court challenging the plan trustee's decision to terminate the beneficiary's long-term disability benefits. The case was removed to the federal district court. In its charge, the district court instructed the jury to apply an "arbitrary and capricious" standard in deciding the issue in the case. The Fourth Circuit reversed the jury trial and held that the district court erred in submitting an arbitrary and capricious standard to the jury. *Berry,* 761 F. (2d) at 1004; *See LeFebre v. Westinghouse Elec. Corp.,* 747 F. (2d) 197 (4th Cir. 1984). The Court reasoned that this was a matter for the court and was "incompatible with a jury trial scheme." *Berry,* 761 F. (2d) at 1007. Consistent with the majority of federal decisions, the Court also found that the determination of rights under an employee benefit plan was equitable in character. One of the primary reasons stated in support of this proposition is that jury trials are incompatible with the arbitrary and capricious standard of review. *Id.*

Thereafter, in 1989, the United States Supreme Court decided *Firestone Tire and Rubber Co. v. Bruch.* In *Firestone,*

the Supreme Court determined the appropriate standard of review in § 1132(a)(1)(B) actions challenging denials of benefits based on plan interpretations. The Supreme Court ruled that federal courts that had applied the arbitrary and capricious standard of trust law to ERISA actions were applying an incorrect standard. The Court stated that "[a]ctions challenging an employer's denial of benefits before the enactment of ERISA were governed by principles of contract law." *Firestone*, 489 U.S. at 112, 109 S.Ct. at 955. The Court concluded that by using an arbitrary and capricious standard, the federal courts were "afford[ing] less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted." *Id.* at 114, 109 S.Ct. at 956. Since one of the primary reasons for holding that ERISA actions were not triable before a jury was the perceived incompatibility between jury trials and the arbitrary and capricious standard of review, *Firestone* was heralded by some courts as a departure from the view that actions to recover ERISA benefits were equitable in nature and hence not subject to the right to jury trials. *See Vaughn v. Owen Steel Co., Inc.*, 871 F. Supp. 247 (D.S.C. 1994); *Overcash v. Blue Cross and Blue Shield*, 94 N.C. App. 602, 381 S.E. (2d) 330 (1989).[2]

Nevertheless, a denial of the right to a jury trial in ERISA cases appears to have survived *Firestone* in the Fourth Circuit. In *Biggers v. Wittek Indus., Inc.*, 4 F. (3d) 291 (4th Cir. 1993), a post-*Firestone* decision, a terminated employee sought severance benefits under an employee welfare benefit plan covered by ERISA. The Fourth Circuit reversed a jury trial decided under state contract law. The Court held that ERISA preempted the employee's common-law contract claim and should have been tried by the court under the principles of ERISA, rather than before a jury.

---

[2] The *Firestone* Court noted in dicta that the arbitrary and capricious standard of review, a standard normally viewed as militating against a jury trial, still applied where the trustee's decision was discretionary. In this case it appears from the pleadings that, based upon the trustee's discretionary authority, the jury may be required to decide whether the denial of benefits was arbitrary and capricious. Appellants raise this argument in their brief; however, it was not advanced before the trial court. Accordingly, we cannot consider it. *Smith v. Phillips*, — S.C. —, 458 S.E. (2d) 427 (1995); *Talley v. South Carolina Higher Edu. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E. (2d) 99 (1986).

At least one Federal District Court decision in the Circuit, however, has read *Firestone* as altering the *Berry* view that ERISA actions do not afford a jury trial. In *Vaughn v. Owen Steel Co., Inc.*, 871 F. Supp. 247 (D.S.C. 1994), Judge Anderson stated the Supreme Court "impliedly overruled both [*Berry* and *LeFebre*]," stating:

> The Supreme Court has thus recast some ERISA claims as legal, without expressly so holding. Despite trust law language in ERISA and the Supreme Court cases, traditional trust law does not afford de novo review, compensatory damages, or punitive damages. The Supreme Court is following its analogy of contract law actions through to afford legal remedies. The logical conclusion is that, despite being couched within a statutory scheme which mirrors trust law, some ERISA claims and remedies are legal ones and thus should be afforded a trial jury.

Accordingly, the Federal District Court held that since prior to ERISA, breach of contract actions were legal actions requiring a jury, the implied right to a jury trial survived the passage of ERISA. 871 F. Supp. at 250. "The mere requirement that such a claim be brought pursuant to ERISA does not transform the action or remedy into an equitable one or affect the Seventh Amendment right to a jury trial of legal issues." *Id.* at 251.

We find persuasive the reasoning employed in *Vaughn* and in the majority of state court decisions. Despite its ERISA label, this lawsuit is essentially an action for breach of contract, seeking money damages. Therefore, it is an action at law triable before a jury under South Carolina law. S.C. Const. art. I, § 14; *Collier v. Green,* 244 S.C. 367, 137 S.E. (2d) 277 (1964).

Accordingly, the decision of the trial judge is

Affirmed.

SHAW and GOOLSBY, JJ., concur.