No. 17,514.

MONTGOMERY WARD & COMPANY *v.* R. A. REICH.
(282 P. [2d] 1091)

Decided April 25, 1955.    Rehearing denied May 16, 1955.

Mr. FRANCIS L. SHALLENBERGER, for plaintiff in error.

Messrs. SANDHOUSE & SANDHOUSE, Mr. NEIL L. CARLE-TON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

IN 1952, Reich, defendant in error, to whom we will refer as defendant, had been in the employ of Montgomery Ward & Company, plaintiff in error, for more than sixteen years with the undisputed reputation of faithful, industrious and loyal service; seven years of that period he was manager of plaintiff's store in Sterling, Colorado. He voluntarily resigned on September 15, 1952 to engage in business for himself. His employment as manager was under unnegotiated contracts each year, which were on printed forms prepared by plaintiff company and submitted to the various store managers for their signatures before or at the beginning of each fiscal year.

February 1, 1952, a "Store Manager Compensation Plan Fiscal Year 1952," was submitted to defendant for his signature and was accepted by him under date of February 26, 1952. This contract provided for the payment of a salary at the rate of $7,500.00 per year, payable weekly, and further provided for earned extra compensation based upon the net-profits figure earned

by the store which defendant was managing, in the following language:

"As Manager of the above retail store during the fiscal year of 1952 (the twelve-month period ending January 31, 1953) you will be paid a salary at the rate of $7,500 per year, payable weekly at the end of each payroll week.

"In addition, for your services as Manager of the above store from February 1, 1952 until the end of the fiscal year, you will be eligible for Extra Compensation based on the Net Profit of the above store for the fiscal year of 1952. The Extra Compensation will be a varying percentage of the Net Profit and will be computed in accordance with the following schedule:

| "Net Profit | | Extra Compensation |
|---|---|---|
| First | $25,000 | 4% |
| Next | 25,000 | 4½% |
| All over | 50,000 | 5% |

"If, during the year, your employment is terminated for any reason, or if you become disabled, or are placed on a leave of absence, both your eligibility for Extra Compensation and the amount thereof, if any, shall be at the discretion of a Bonus Committee. The Bonus Committee shall consist of the Retail Manager, the Controller, the Secretary, and the Treasurer of the Company. The decision of the Bonus Committee shall be final and binding."

According to the plaintiff's figures the earned extra compensation, as determined by the formula in the contract, was $1,815.00 for the fiscal year of 1952. It is undisputed that the successor to defendant as manager, for the balance of the fiscal year after defendant's resignation on September 15, 1952, received four-twelfths. Subsequent to the end of the fiscal year, on January 31, 1953, defendant made claim for his extra compensation for the portion of the fiscal year which he had served as manager. This claim was denied.

December 14, 1953, plaintiff instituted this action on

an account against defendant — apparently on an open account — for merchandise sold and delivered in the sum of $452.84, which figure later was adjusted by stipulation to $428.20. To this action defendant made counterclaim for unpaid earned extra compensation, alleged in connection therewith that plaintiff, without cause and in abuse of its right of discretion, had refused to pay. This counterclaim was for the sum of $1,134.54. After various motions, the matter was submitted to a jury on defendant's counterclaim—the amount of plaintiff's claim being admitted—which returned its verdict for defendant on his counterclaim in the sum of $706.34, being the difference between the counterclaim and plaintiff's claim. Judgment was entered on the verdict and plaintiff brings the cause to this Court for review by procuring the issuance of a writ of error.

The points urged as error are, in substance: The trial court erred in construing an unambiguous contract, and in effect, made a new contract for the parties; error as to the admissibility of certain evidence; and the form of verdict submitted to the jury. It is the contention of counsel for defendant that there is no condition or forfeiture clause in the contract of employment requiring defendant to remain in the employ of plaintiff for the entire fiscal year; that plaintiff, through its bonus committee, in denying extra compensation to defendant did not use discreation, or, at least, acted arbitrarily and without cause and in bad faith; that this was a question of fact, properly submitted under fair instructions and was determined in defendant's favor by the jury; and its verdict was supported by ample competent evidence.

██ Plaintiff's counsel contends that according to the contract the earned extra compensation is conditioned upon defendant remaining in the employment of plaintiff for the entire fiscal year. There being nothing in the record to the contrary, it appears that this was the controlling factor in denying the extra compensation. It is undisputed that defendant's services were entirely

satisfactory and profitable to plaintiff as is reflected by the net earnings of the store for the fiscal year involved. Of course, counsel for plaintiff contends that by his resignation defendant forfeited the right to the extra compensation. We find this to be an appropriate occasion to repeat the time-honored statement that forfeitures are not favored in the law, and to be effectual, must be clear and unequivocal; and further, this contract is to be liberally construed in favor of defendant, because it was drafted by plaintiff. An analytic reading of this contract will not permit any construction other than that extra compensation based on the net profit of the store for the fiscal year is an uncalculated addition to the salary fixed therein. This is made certain by the words "In addition, for your services as Manager * * * until the end of the fiscal year, you will be eligible for Extra Compensation * * *." In the absence of any failure on the part of defendant to faithfully serve plaintiff under this contract, justice requires that it be determined that he earned the proportionate part of the net profit of the store for the period which he served. A further provision in the contract, "No extra compensation or any part thereof shall become due or payable before the end of the fiscal year" is not a condition concerning the payment of the extra compensation, but is only a fixing of the time at which it was to be paid. Logical reasoning for this is in the fact that the net profit for the fiscal year could not be determined until the close of that period.

Cases upon which counsel for plaintiff relies to support denial of this extra compensation to defendant are based upon contracts containing clear and unequivocal forfeiture in the event of voluntary termination of the employment by the employee. The answer to this question is found in the following paragraph of the contract: "If, during the year, your employment is terminated for any reason, or if you become disabled, or are placed on a leave of absence, both your eligibility for

Extra Compensation and the amount thereof, if any, shall be at the discretion of a Bonus Committee." The bonus committee is the retail manager, the controller, the secretary and the treasurer of the company. It is implied by this provision that the bonus committee will act upon a sound judgment and it is, of course, precluded from arbitrary or oppressive action. While there is no showing of any bad faith on the part of the committee, it must be considered that by its actions here, defendant will lose something he has earned, and plaintiff, through the decision of its employees constituting the committee, will gain thereby. We feel that clear language in the contract must appear before the decision of the committee, as an interested party, is permitted to stand.

Our conclusion, as gathered from the record, is that the bonus committee here did not abuse its discretion; it simply did not use discretion in construing the terms of the contract liberally in defendant's favor; but was misguided in its interpretation to the effect that no extra compensation could be claimed by defendant, because he did not serve until the end of the fiscal year. The court's instructions in the case are clear, unmistakable, and proper, under the facts disclosed.

There is ample evidence in the record to support the verdict of the jury which determined the facts under proper instructions as to the law; therefore, the judgment entered on the verdict should not be disturbed, and accordingly it is affirmed.

MR. CHIEF JUSTICE ALTER and MR. JUSTICE CLARK dissent.

MR. JUSTICE KNAUSS not participating.