422

Belknap,
No. 4802.

RICHARD P. MOLBURG *v*. HUNTER HOSIERY, INC.

Argued January 5, 1960.

Decided February 29, 1960.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the plaintiff.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Millham* orally), for the defendant.

WHEELER, J. The plaintiff was employed by the defendant on a full-time basis from June 1, 1955 to November 1, 1957, when his employment was "terminated" by the defendant. He had thus been fully employed through the last quarter of the fiscal year which ended August 31, and he was eligible to share in the final distribution which was made on or about November 20, 1957, unless he was precluded by his discharge on November 1, 1957.

The contention of the defendant is that since its officers reserved to themselves the exclusive right to interpret the plan, including the eligibility of any employee thereunder, payment to the plaintiff would be contrary to the purpose of the plan and every applicable section thereunder since he was not an employee on November 20 when final distribution was made.

Although authorities directly in point are not numerous, it has been held that where an offer sufficiently definite to permit ascertainment of its terms has been made to an employee promising a share in employer's profits, an enforceable contract is created between the parties in accordance with the terms of the offer, provided such employee accepts the same by continuing his employment.

Some of the authorities permitting recovery have held the agreement for a bonus or profit-sharing too vague to enforce but have permitted recovery in *quantum meruit*. Anno. 18 A. L. R. (2d) 211. See *Petersen* v. *Pilgrim Village*, 256 Wis. 621; *Van Reitzenstein* v. *Tomlinson*, 249 N. Y. 60. In other cases where the plaintiff was wrongfully discharged, recovery was allowed. *Roberts* v. *Mills*, 184 N. C. 406; *George A. Fuller Co.* v. *Brown*, 15 F. 2d 672 (4th Cir. 1926). However, the question of fraud or bad faith is not before us since the parties agree that plaintiff was not discharged for the specific purpose of depriving him of whatever rights he had acquired in the profits.

The plaintiff was aware of the terms and conditions of the plan, and his continued employment signified an acceptance of its terms. Whatever rights may have accrued before his discharge were subject to the conditions of eligibility to participate as set forth in the plan. In the absence of a showing of fraud or bad faith, the plaintiff must be held to the terms thereof. See anno. 28 A. L. R. 346; note 70 Harv. L. Rev. 490, 495. "It is difficult for plaintiff to extricate himself from the conditions of employment which he has voluntarily assumed, for even though the forfeiture provisions seem harsh, we can only interpret the contract which the parties have made." *Muir* v. *Leonard Refrigerator Co.*, 269 Mich. 406, 408. See also, *Coleman* v. *Graybar Electric Co.*, 195 F. 2d 374 (5th Cir. 1952); *Hurd* v. *Ill. Bell Tel. Co.*, 136 F. Supp. 125 (N. D. Ill. 1955), affirmed 234 F. 2d 942 (7th Cir. 1956). It is our view that plaintiff has failed to qualify in accordance with the terms of the plan, since his rights were extinguished when his employment terminated. *Harding* v. *Montgomery Ward Co.*, (Ohio App. 1944) 58 N. E. (2d) 75; *Montgomery Ward Co.* v. *Guignet*, 112 Ind. App. 661; *Fontius Shoe Co.* v. *Lamberton*, 78 Colo. 250.

*Judgment for the defendant.*

All concurred.