No. 21146.

Moorman Manufacturing Company *v.* Ralph Rivera.

(395 P.2d 4)

Decided August 31, 1964.

Messrs. Dawson, Nagel, Sherman & Howard, Mr. William F. Schoeberlein, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to plaintiff in error as the company and to defendant in error by name.

The action was commenced in the county court of Conejos county where Rivera secured a judgment. The company appealed to the district court and upon completion of the evidence offered by Rivera the company moved for dismissal of the action or for a directed verdict, which were denied. Counsel for the company then elected to stand upon the record as made and it was stipulated that the case be submitted to the court and the jury be discharged. The court then entered judgment for Rivera and the company is here on writ of error seeking reversal. No appearance by Rivera has been made in this court.

The complaint filed by Rivera contains two counts. In the first count it is alleged that he had entered into a written contract with the company under the terms of which he was employed to sell its products on a commission basis. He alleged that he obtained orders for the purchase of the company's products for future delivery; that the company willfully and tortiously cancelled his employment contract before delivery of the merchandise, with the intent and purpose of depriving Rivera of his commissions on said business; and that after the cancellation of his employment contract all of said merchandise was delivered pursuant to the orders

secured by him. On this first count Rivera sought judgment for commissions allegedly earned by him.

In the second count it was alleged that Rivera had an oral agreement with the company under which he was granted the right to deliver the products of the company which were sold by him; that he was to receive six dollars per ton for said delivery service; that the company failed to use this delivery service in connection with the orders filled after his authority to act as a salesman was cancelled; and that by reason thereof he suffered a loss of profit in the amount of $213.00.

The company denied being indebted to Rivera. It relied upon a provision in the contract of employment which reads as follows:

"* * * Salesman is to receive no commissions on future orders until they have been shipped and no commissions whatever if they be shipped after the termination of this contract. * * *"

The trial court entered detailed findings of fact, and documented its conclusions of law with citations of decided cases. We quote from the court's decision the following pertinent language:

"* * * the plaintiff became entitled to the commissions of all orders taken by him and shipped, accepted and paid for by the purchasers, unless his right to such commissions was forfeited by the express language of the contract.

"The contract of November 23, 1959, is not free from ambiguity and doubt. Paragraph 2-A provides, 'Salesman is to receive no commissions on future orders until they have been shipped and no commissions whatever if they be shipped after the termination of this contract.' To confuse the issue, Paragraph 3 provides, 'It is agreed that at the time of the termination of this contract, all commissions which are or may later become due salesman are to be held by company until accounts are paid and company property in the hands of salesman is returned to the company.' While it may be argued that

the quoted portion of Paragraph 3 relates to some other type of transaction, it is far from clear that these two provisions of the contract do not, for all practical purposes, nullify each other.

▮ "The contract here is a printed form supplied by the defendant and obviously was not a negotiated contract. If the plaintiff was to accept employment by defendant, it was on defendant's terms or not at all. It is a general rule of construction that where a contract is ambiguous, it will be construed most strongly against the party preparing it or employing the words concerning which the doubt arises. 17A C.J.S., page 217, Sec. 324 and 10 Colorado decisions cited.

▮ "However, there is no necessity for judicial head-scratching to effect a construction of these conflicting provisions of the contract since, for several reasons, the forfeiture clause of Paragraph 2-A of the contract can not be sustained. The language of the contract creates a bald, unadulterated and unqualified penalty or forfeiture of commissions legitimately earned and for which the plaintiff should be paid, unless there is some lawful, valid basis for denying him his just compensation. Accepted literally, this provision of the contract is unconscionable, arbitrary and unreasonable and results in an unjust enrichment of the defendant. It has not been shown to be for the purpose of compensating the defendant by way of liquidated damages for any breach of the contract by the plaintiff, and in fact he is not guilty of any breach. He has performed the contract so far as it required him to perform. He was not required to devote his full time to the business of the defendant by the contract, and the evidence clearly discloses that defendant's agents clearly understood that plaintiff's service to the company as a salesman was strictly as a side-line activity, although defendant's agents may have been dissatisfied with the amount of business plaintiff was obtaining. * * *"

Forfeitures are not looked upon with favor and the

right thereto must clearly appear before a forfeiture will be upheld.

"A party will not be permitted to take advantage of his own independent act to work a forfeiture of his own contract." 17A C.J.S. 494-497, § 407.

It is appropriate to point out at this point that the contract here was terminated by the defendant, not by the plaintiff. This court said in *Montgomery Ward v. Reich*, 131 Colo. 407, 282 P.2d 1091:

"We find this to be an appropriate occasion to repeat the time-honored statement that forfeitures are not favored in the law, and to be effectual, must be clear and unequivocal; and further, this contract is to be liberally construed in favor of the defendant, because it was drafted by plaintiff."

Again, it is pointed out that the defendant's contract is not clear and unequivocal on the question of whether or not the commissions are forfeited or are to be held by the company to guarantee payment of unpaid accounts and return of company property in the hands of the salesman. In *Hutchinson v. Elder*, 140 Colo. 379, 344 P.2d 1090, the court said:

"An interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to a harsh or unreasonable result."

That would seem to be the appropriate construction to place upon this contract, assuming that the forfeiture clause can, on any theory, be sustained. A reasonable interpretation of the contract is that the defendant would have the right to defer payment of earned commissions until unpaid accounts had been collected and company property returned.

The trial court correctly computed the amount due Rivera on account of unpaid commissions to be the sum of $1019.76 after making allowance for $244.76 which Rivera admitted owing the company. The trial court awarded the sum of $54.00 as loss of profit which Rivera would have earned had he been permitted to

make delivery of eighteen tons of merchandise which he had sold for future delivery. As to the second claim, the alleged verbal contract was inextricably connected with Rivera's rights under the written agreement; the company under that contract, had the right to terminate it at any time. The employment of Rivera was terminated, the effect of which was to stop the accumulation of any future earnings thereunder. None of the shipments or deliveries involved in this connection were made before termination. Rivera had no right to make deliveries after his employment was terminated and the trial court erred in awarding the $54.00 for loss of profit on deliveries.

The judgment is affirmed as to $1,019.76 plus interest, and reversed as to the item of $54.00. The cause is remanded with directions to enter judgment accordingly.