### 41523. JONES v. VULCAN MATERIALS COMPANY.

PANNELL, Judge. 1. Whether or not the management incentive plan providing for incentive awards to employees constitutes a part of the contract of employment between the plaintiff and the defendant, the provisions of the plan are nevertheless binding on and determinative of the rights of the plaintiff who is asserting the alleged rights to the benefits thereunder. Under the terms of the plan, no employee, even though eligible for an award, is entitled as a matter of right to have an award made to him, or, if made, that it be made for any particular sum. These are matters resting in the discretion of the compensation committee. *Fickling v. Pollard,* 51 Ga. App. 54 (179 SE 582); Going v. Southern Mill Employees Trust (Okla.) 281 P2d 762. See also, Parrish v. General Motors Corp. (Fla.) 137 S2d 255; Molburg v. Hunter Hosiery, Inc., 102 N. H. 422 (158 A2d 288, 81 ALR 2d 1063, Anno. p. 1066); O'Madigan v. General Motors Corp., 202 FSupp. 190, affirmed 312 F2d 250. Even should an abuse of discretion or failure to use discretion on the part of the committee be cause for interference by the court (see Montgomery Ward & Co. v. Reich, 131 Col. 407 (282 P2d 1091)), no such charge against the committee is made in the present case. Accordingly, there was no error in sustaining the general demurrer to the first count of the petition. Nothing to the contrary was ruled in *Phillips & Co. v. Hudson,* 9 Ga. App. 779 (72 SE 178).

2. (a) The representation by a divisional president of defendant to the plaintiff who desired to voluntarily terminate his employment that plaintiff would be paid "whatever incentive [award] he was entitled to whether he left the defendant's employ or not" could not be the basis of estoppel to create an entitlement when there was none.

(b) Nor would the letter from the defendant to its employees, in effect stating an award made would not be forfeited by a voluntary termination of employ on the part of the employee,

inasmuch as no award had been made which could be forfeited; and no forfeiture, therefore, being involved in the present case, it follows that there was no error in sustaining the general demurrer to the remaining count of the petition.
*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 10, 1965—DECIDED SEPTEMBER 16, 1965—
REHEARING DENIED SEPTEMBER 30, 1965.

*Thomas B. Branch, III*, for plaintiff in error.

*Alston, Miller & Gaines, Francis Shackelford, Lloyd T. Whitaker, Michael H. Trotter*, contra.