112 Ga. App. 402 (1965)
145 S.E.2d 268
JONES
v.
VULCAN MATERIALS COMPANY.
41523.
Court of Appeals of Georgia.
Argued September 10, 1965.
Decided September 16, 1965.
Rehearing Denied September 30, 1965.
Thomas B. Branch, III, for plaintiff in error.
Alston, Miller & Gaines, Francis Shackelford, Lloyd T. Whitaker, Michael H. Trotter, contra.
PANNELL, Judge.
1. Whether or not the management incentive plan providing for incentive awards to employees constitutes a part of the contract of employment between the plaintiff and the defendant, the provisions of the plan are nevertheless binding on and determinative of the rights of the plaintiff who is asserting the alleged rights to the benefits thereunder. Under the terms of the plan, no employee, even though eligible for an award, is entitled as a matter of right to have an award made to him, or, if made, that it be made for any particular sum. These are matters resting in the discretion of the compensation committee. Fickling v. Pollard, 51 Ga. App. 54 (179 SE 582); Going v. Southern Mill Employees Trust (Okla.) 281 P2d 762. See also, Parrish v. General Motors Corp. (Fla.) 137 S2d 255; Molburg v. Hunter Hosiery, Inc., 102 N. H. 422 (158 A2d 288, 81 ALR 2d 1063, Anno. p. 1066); O'Madigan v. General Motors Corp., 202 FSupp. 190, affirmed 312 F2d 250. Even should an abuse of discretion or failure to use discretion on the part of the committee be cause for interference by the court (see Montgomery Ward & Co. v. Reich, 131 Col. 407 (282 P2d 1091)), no such charge against the committee is made in the present case. Accordingly, there was no error in sustaining the general demurrer to the first count of the petition. Nothing to the contrary was ruled in Phillips & Co. v. Hudson, 9 Ga. App. 779 (72 SE 178).
2. (a) The representation by a divisional president of defendant to the plaintiff who desired to voluntarily terminate his employment that plaintiff would be paid "whatever incentive [award] he was entitled to whether he left the defendant's employ or not" could not be the basis of estoppel to create an entitlement when there was none.
(b) Nor would the letter from the defendant to its employees, in effect stating an award made would not be forfeited by a voluntary termination of employ on the part of the employee, *403 inasmuch as no award had been made which could be forfeited; and no forfeiture, therefore, being involved in the present case, it follows that there was no error in sustaining the general demurrer to the remaining count of the petition.
Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.
Plaintiff, on or about July 29, 1958, was employed by the defendant in a managerial position, at which time the defendant company had a management incentive plan which was an inducement to the plaintiff in accepting the employment and was an inducement for him to continue his employment; that plaintiff was paid an award under the plan in February 1963, which was an award for the calendar year 1962. The calendar year was the defendant's fiscal year. During the year 1963, plaintiff was paid a salary of $13,860. Plaintiff continued his employment with the defendant through the months of January and February 1964, at which time he voluntarily terminated the employment. Plaintiff's employment was at the will of defendant; there was no written contract embracing the terms of employment, although it was alleged that the management incentive plan was a part of the terms of his employment. Plaintiff claims that he "earned" an award for the year 1963 in the amount of $3,000 and that the defendant has refused to pay the award despite repeated demands by plaintiff for payment. Damages are sought in count 1 of the petition on substantially the above facts for breach of contract in the amount of $3,000. Another count of the petition seeks the same amount of damages and adopts the allegations of the first count and bases the recovery sought upon estoppel arising out of statements made to plaintiff by a divisional president of defendant, upon which plaintiff relied and which he alleged to be false, and an estoppel based upon a letter written by the president of the defendant to its employees. The allegations as to the oral statements by the division president *404 are substantially set forth in paragraph 5 as follows: "Petitioner advised defendant that in considering whether or not he should resign from defendant's employ, he was somewhat concerned as to whether he would be paid his incentive bonus for work done by him for defendant during the fiscal year of 1963. Defendant's agent Ireland advised petitioner that if defendant and the Stockbridge Stone Division qualified under the terms of Exhibit A [incentive plan] attached hereto, defendant would pay petitioner whatever incentive bonus he was entitled to whether he left defendant's employ or not, and petitioner was advised in effect by defendant's agent Ireland that he should therefore give no consideration to the payment of the incentive bonus for 1963 in his consideration of the question of whether to remain in defendant's employ or to resign therefrom." The letter is as follows: "The Board of Directors of the Company, at its meeting held on April 19, 1962, adopted resolutions amending the Management Incentive Plan Regulations. The amendment relates to forfeiture of awards in cases where an employee voluntarily terminates his employment.
"Prior to the amendment, several questions arose as to the proper interpretation of the Regulations relating to forfeiture upon a voluntary termination. The Compensation Committee of the Company carefully considered this matter and recommended that the Regulations be amended to provide that awards may be forfeited only under circumstances where an employee, who voluntarily terminated his employment, thereafter competed with the Company or conducted himself in a manner inimical or contrary to the best interests of the company, in either case in such fashion as to cause serious injury or significant detriment to the company. The regulations, as amended by the Board of Directors to effect the recommendation of the Compensation Committee, are attached for your information and review. Paragraph 9 of the Regulations includes the forfeiture provisions, as amended.
"This letter has been written to you in order to advise you about this change in the Regulations which deals with conditions or circumstances under which you may expect to continue to receive or have terminated an award following voluntary termination. *405 The Regulations still provide that all rights are forfeited upon a termination by dismissal for cause."
The material portions of the management incentive plan attached as Exhibit "A" are as follows: "`Annual Eligibility Rate' means the Position Grade determined by the committee in accordance with Paragraph 6 (a) of these Regulations, in order to determine, as of the end of any particular year, those employees of the Company eligible for awards under the Plan . . .
"3 (d) As promptly as practicable after its receipt of the reports referred to in the preceding subparagraph (c) hereof, [reports as to amount in incentive reserve fund and the names, positions and salary rates of employees "eligible for incentive awards"] the Committee shall make and allot to those employees selected by it such incentive awards, in such total amount not exceeding the aggregate of (1) the amount so credited to the incentive reserve, and (2) the amount of any balance in the incentive reserve credited thereto but unawarded in prior years and currently available for incentive awards (as said amount is certified by the Public Accountants pursuant to clause (2) of the preceding subparagraph (c) hereof), as it may in its discretion determine in accordance with the provisions of paragraph 7 (a) hereof; provided, however, that it may in the exercise of its discretion make no awards for a particular year or years. Unawarded balances in the incentive reserve shall, except to the extent otherwise directed by the Board of Directors, be carried forward from year to year and be available for future awards. Such reserve shall be deemed for all purposes a single continuous reserve. Nothing contained in this subparagraph shall require the Committee to make and allot all the awards for a particular year at one time . . .
"5. Scope and Effect of Committee Decisions. Decisions of the committee made in accordance with these regulations shall be final, conclusive and binding upon all parties, including the company, its subsidiaries and the employees; provided, however, that the committee shall rely upon and be bound by the reports of the public accountants for each year with respect to the maximum amount available for credit to the incentive reserve for such year and the amount of any balance credited thereto *406 but unawarded in prior years and currently available for incentive awards.
"6. Eligibility: Limitations on Selections for Awards. (a) Each employee of the company or any of its subsidiaries who has been in the employ of any thereof for six or more months prior to the end of a particular year is eligible for an incentive award for such year if (1) at the end of such year he is in or above the annual eligibility rate as the committee shall from year to year determine. . . Incentive awards shall be made or allotted for such year to those employees and only those employees whom the committee may select therefor from the group of employees so considered, the selection or nonselection of any such employee therefor to be decided by the committee in its sole discretion but without regard to such employee's having or not having been considered or selected for an incentive award for a previous year or years; provided, however, that an incentive award may in no event be made or allotted to an employee at a time when payment or distribution of such an award would be contrary to the provisions of paragraph 9 hereof.
"7. Annual Awards and Time of Payment. (a) Subject to the provisions of paragraph 3 (d) hereof, those employees selected by the committee from the group of employees considered by it for incentive awards for a particular year, under the provisions of paragraph 6 hereof, shall be allotted incentive awards for such year in such individual amounts as the committee, in accordance with these regulations, may in its discretion determine. In making such selections and awards and in fixing the amount thereof the committee shall take into consideration the present and potential contribution of each eligible employee to the operating progress and earning power of the company and its subsidiaries and is authorized to conduct such inquiries and such consultations with officers and other executives of the company as it may deem necessary or appropriate to that end . . .
"9. Termination of Employment; Forfeiture of Awards. (a) No payment of an incentive award or part thereof shall be made to a person whose employment has, in the judgment of the committee, been terminated by dismissal for cause, and all rights of such a person under the plan shall be deemed forfeited. Original Provision: 6/27/58.
*407 "(b) After termination of a person's employment for any reason other than that described in subparagraph (a) of this paragraph (including, without limiting the generality of the foregoing, voluntary termination or retirement), payments of incentive awards made to such person shall be continued as though his employment had not been terminated; provided, however, that no payment of an incentive award or part thereof shall be made to any such person after a finding by the committee that he has, within twelve months following termination of his employment or prior to such termination, either (1) engaged in direct competition with Vulcan, either individually or as an officer or employee of another person, firm or corporation, or (2) disclosed information of a confidential nature or misappropriated funds or assets of Vulcan in either case in such a manner as to cause serious injury or significant detriment to the interests of Vulcan, and upon any such finding all rights of such a person under the Plan shall be deemed forfeited. The Committee shall act in an impartial and nondiscriminatory manner and shall not make a finding under (1) or (2) of the preceding sentence unless serious injury or significant detriment to Vulcan is clearly involved. In determining whether an award made to a person under the Plan should be forfeited under the provisions of subparagraph (a) or (b) of this paragraph, the committee shall be entitled to rely on such facts as shall have been presented to it by the chief executive officer of the company in accordance with the provisions of the next succeeding subparagraph (c) of this paragraph 9 and shall be under no duty to make any independent investigation of the matter; provided that the committee may, if it so desires, make such an independent investigation and, in such case, shall base its decision both on the facts so presented to it by the chief executive officer of the company and on the results of its own investigation. In no event shall the committee be under any duty to take any action under the provisions of this paragraph 9 until it shall have been notified, under the provisions of said subparagraph (c), of the basis therefor. Original Provisions 6/27/58. Amended: 5/19/62."
General demurrers of the defendant to each count of the petition were sustained and the petition dismissed.