477 P.2d 489 (1970)
Wesley GULICK, Plaintiff in Error,
v.
A. ROBERT STRAWN & ASSOCIATES, INC., a Colorado corporation, DBA Snelling and Snelling, Inc., Defendant in Error.
No. 70-362, (Supreme Court No. 23606.)
Colorado Court of Appeals, Div. II.
December 1, 1970.
*490 Creamer & Creamer, George Louis Creamer, Denver, for plaintiff in error.
Wilson, Boltz & Boyens, Blaine L. Boyens, Denver, for defendant in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an action to enforce an employee's covenant not to compete with his employer.
The plaintiff, A. Robert Strawn & Associates, Inc., dba Snelling and Snelling, Inc., is a Colorado corporation, located in the City of Denver, Colorado. It is an employment agency which operates under a franchise from a national employment agency known as Snelling and Snelling, Inc., of Philadelphia, Pennsylvania, which has franchises in most of the major cities of Colorado as well as in the major cities of 39 other states. The complaint alleged that the defendant, Wesley Gulick, entered into a written contract of employment with the plaintiff on January 11, 1965, and that subsequent to defendant's termination on February 25, 1967, he associated himself with another employment agency in the City of Denver in violation of Section 6 of the contract which is set forth in part as follows:
"6. EMPLOYEE, therefore, agrees that he will not while in SNELLING'S employ nor within a period of eighteen (18) months following termination of employment for any cause whatsoever, directly or indirectly, engage in the employment agency business for himself or in association in any capacity with any other person or firm engaged in a similar business to SNELLING'S, within a radius of thirty-five (35) miles of SNELLING'S office, or within a radius of thirty-five (35) miles of any city in which a `Snelling and Snelling' office is located; * * *."
This contract also provided for termination of the employment relationship at any time by either party with or without notice, and was signed by A. Robert Strawn, for Snelling and by Wesley Gulick. The complaint prayed for an injunction, damages in the amount of $10,000, plus attorney's fees.
The defendant counterclaimed, alleging that the plaintiff breached a second contract executed by the parties on June 1, 1965, by discharging the defendant without notice. This contract stated that Gulick was to be "manager of the Men's Division", set forth a compensation schedule, and further stated, "This contract can be terminated on 15 days written notice to either party." This contract was signed by the defendant and by A. Robert Strawn, as an individual, without further identification.
Trial was to the court, which found that neither Snelling, nor A. Robert Strawn & Associates, Inc., were a party to the second contract and that it merely created a personal obligation between Strawn and Gulick. The trial court upheld the validity of the first contract and found that defendant Gulick had violated Section 6 thereof. However, it further held that Section 6 was unduly restrictive. The court enjoined defendant from engaging in the employment agency business for a period of 18 months within an area of 10 miles from the boundaries of Denver. It denied plaintiff's prayer for damages and attorney's fees and dismissed defendant's counterclaim on the basis of its finding that the second contract did not involve the plaintiff in this action.
This appeal brought by the defendant, presents issues concerning the operational *491 effect of the two contracts where the first contract provided for termination without notice and the second contract provided for termination on a 15 day written notice, and the trial court's power to rewrite a non-competition clause.
I
As a preliminary to determination of the issues presented above, we note that the time period set forth in the restrictive covenant has expired, thereby rendering the injunction moot for purposes of appellate review. Sherman v. Pfefferkorn, 241 Mass. 468, 135 N.E. 568; Abalene Pest Control Service, Inc. v. Hall, 126 Vt. 1, 220 A.2d 717; Wedin v. Atherholt, 298 Mich. 142, 298 N.W. 483. However, the unresolved issues require a determination of the validity of the injunction in the present case.
II
Gulick argues that the first contract which he signed cannot be enforced by the plaintiff because it does not refer to and was not executed by A. Robert Strawn & Associates, Inc. On the other hand, the plaintiff argues that the second contract containing the salary schedule and termination notice cannot be enforced against it by the defendant because the plaintiff corporation was not a party to this contract. We believe that the argument set forth by the plaintiff in its brief in support of its position that the first contract should be enforced applied to both contracts. Plaintiff quotes from 19 C.J.S. Corporations § 1138(b):
"The question whether a contract is the obligation of the corporation or the personal obligation of the officer or agent executing it will not be determined from the signature alone, but the court will take into consideration the entire instrument. Where the corporation's agent is known to be acting and contracting merely as such, and has actual authority, his acts and contracts will involve no personal liability on his part, but will bind the corporation, even though he executed the contract in his individual name, unless it appears from other circumstances that he has expressly or impliedly incurred or intended to incur personal liability." (Footnotes omitted)
The employment contract did not provide a schedule of remuneration. It merely stated that the employee's compensation was to be agreed on between the parties. This provision necessarily contemplated the formation of an agreement specifically relating to compensation. We hold that this contemplated agreement is embodied in the second contract. When executed, this second contract became a part of the existing employment contract. To hold otherwise would in effect render the second contract a nullity, as the individual, A. Robert Strawn, and defendant Gulick were never associated in an employer-employee relationship. The fact that the specific salary schedule was later orally modified did not cause the clause referring to notice of termination to become inoperative.
The parties relied on these two contracts for over one and one-half years. As further justification for giving effect to both instruments, we cite the rule that acceptance of benefits under a contract constitutes ratification equally with written confirmation. New Mexico Potash & Chemical Co. v. Oliver, 123 Colo. 268, 228 P.2d 979; Johnson v. George, 119 Colo. 594, 206 P.2d 345.
Thus, we hold that Snelling was the first to breach the contract by discharging Gulick without regard to the 15 day notice provision. As a preliminary to consideration of Gulick's breach of the restrictive covenant, we must consider the effect of Snelling's prior breach. If the breach by Snelling was a major breach, then Gulick was relieved of any duties under the contract and Snelling cannot maintain an equitable action against Gulick. Restatement of Contracts, §§ 375, 397. On the other hand, if Snelling's breach was merely minor, then Gulick was still under an obligation to perform his part of the contract, leaving his remedy to an action for damages.
*492 The facts and circumstances attendant to a breach are significant in determining its magnitude. There is no universal hard and fast rule which can be applied. Restatement of Contracts, § 275; 6 A. Corbin, Contracts, § 1254. However, if the breach goes to the heart of the contract, it is major, while if the breach involves an incidental provision, it is minor. Ilfeld Co. v. Taylor, 156 Colo. 204, 397 P.2d 748. To declare the contract inoperative because of plaintiff's breach is tantamount to declaring a forfeiture. "Forfeitures are not looked upon with favor and the right thereto must clearly appear before a forfeiture will be upheld." Moorman Manufacturing Co. v. Rivera, 155 Colo. 413, 395 P.2d. 4. Avoidance of forfeitures, if possible, is the policy. Ilfeld Co. v. Taylor, supra.
The heart of the contract in this case was the employment relationship. The 15 day notice provision was merely incidental thereto. It cannot be said that without the notice provision the parties would not have entered into the contract. In fact, the first contract which the parties executed and relied upon did not contain a 15 day notice provision. We hold that Snelling's breach was minor and did not extinguish Gulick's duties under the contract, but did establish his claim for damages.
III
Based on the trial court's finding that the territorial restriction was unreasonable and void, Gulick argues that the court was not at liberty to rewrite the restrictive covenant and that the entire provision should have been disregarded. As authority, he cites Knoebel Mercantile Co. v. Siders, 165 Colo. 393, 439 P.2d 355, in which the Colorado Supreme Court refused to enforce an unreasonable restrictive covenant not to compete. We find the case distinguishable. In Knoebel, supra, the Supreme Court held the entire restrictive covenant unreasonable in that it was not necessary to protect any interest of the employer and that an injunction would be of no benefit to the plaintiffs. It further stated that:
"The restrictions in contracts not to engage in business in competition with another, to be valid, must be reasonable, must not impose undue hardship, must be no wider than necessary to afford the required protection, and each case must stand on its own facts. Whittenberg v. Williams, 110 Colo. 418, 135 P.2d 228. In the instant case the trial court, after a lengthy and searching inquiry, determined that the restriction here involved was unreasonable under all the pertinent circumstances." (Emphasis added)
In the case at bar, the trial court did not find that there was no basis whatever for the restrictive covenant. It merely held that it was too restrictive as to its territorial effect.
Thus, a consideration of reasonableness must be made at two levels; first, the factual situation must be examined to see if a restrictive covenant is justified at all; second, assuming that a restrictive covenant is justified, the specific terms thereof must be examined to determine the reasonableness of their effect. If the court finds from the evidence that such covenant was totally unreasonable and unjustified, the provision should be disregarded in toto as in Knoebel Mercantile v. Siders, supra; whereas if the court finds the covenant both justified and reasonable as in Zeff, Farrington & Associates, Inc. v. Farrington, Colo., 449 P.2d 813, the covenant should be enforced in toto.
Whether the relationships encountered in an employment agency context justify a restrictive covenant has been determined in the affirmative by the Georgia Supreme Court. Spalding v. Southeastern Personnel, 222 Ga. 339, 149 S.E.2d 794. There an employee of a personnel and placement agency agreed not to compete within 30 miles of the main office of his employer for a period of 2 years following termination. Similarly, in Schutzman v. Gill, 38 Del.Ch. 459, 154 A.2d 226, an individual trading as Snelling and Snelling sought to enjoin a former employee from engaging in the employment agency business, relying on a restrictive covenant provision contained in *493 the contract of employment. The Delaware Court of Chancery, although not addressing itself to the issue of reasonableness of the provision, upheld the provision.
We agree with the trial court that a restrictive covenant was justified in this case, and further, that the territorial effect of the provision contained in the contract was too restrictive. To be reasonable, the restriction in this case should have been limited to the territory in which Gulick established customer contacts while in the course of his employment with Snelling. It would be unreasonable to assume in the absence of any evidence to the contrary that Gulick established enough customer contacts outside the Denver Metropolitan area to justify imposition of Section 6 of the employment contract in its entirety.
We do not agree with the defendant's argument that because the court found the provision to be unreasonable in its territorial application, that the entire provision should be stricken. In Whittenberg v. Williams, 110 Colo. 418, 135 P.2d 228, the plaintiff in error also argued that the territorial limitation of a restrictive covenant was so extensive as to make it unreasonable and void. The covenant in that case did not refer to a specific territory. The Supreme Court nevertheless upheld the lower court's injunction which was restricted to "that portion of Colorado south of the northern boundary of the City and County of Denver and east of the Rocky Mountains."
The principles stated in Whittenberg, supra, are reiterated in Zeff, Farrington & Associates, Inc. v. Farrington, supra, wherein the Supreme Court reversed the injunction of the trial court which modified the restrictive covenant by reducing the time period from 2 years to 6 months and the territorial application from a radius of 200 miles of the City and County of Denver to merely the City and County of Denver. However, the Supreme Court did not reverse on the basis that the trial court had no authority to modify the covenant. It based its reversal on the finding that the covenant was reasonable as written and bargained for by the parties.
In Whittenberg v. Williams, supra, the Supreme Court acknowledged the authority of the trial court to impose reasonable restrictions on the violator of an unreasonable restrictive covenant. Colorado does not stand alone in this approach. The courts of other states have also applied their equity powers to achieve a finer balance of the interests of the parties as well as the public where restrictive covenants are concerned. See, Wood v. May, 73 Wash.2d 307, 438 P.2d 587; Kelite Products, Inc. v. Brandt, 206 Or. 636, 294 P.2d 320.
We hold, in light of the facts of this case, that the injunction of the trial court limiting the application of the restrictive covenant to 10 miles from the boundaries of Denver was correct as issued.
IV
Gulick argues that the trial court erred in not granting his counterclaim for damages for plaintiff's breach of the provision relating to notice of termination. In view of our holding that this second contract should have been given effect against A. Robert Strawn & Associates, Inc., we hold that such claim should have been considered by the court.
V
As cross-error, A. Robert Strawn & Associates, Inc. argues the trial court erred in not assessing reasonable attorney's fees against Gulick. It relies on the rule that such fees may be recovered when provided for by statute or contract, and that the first contract specifically provided:
"EMPLOYEE agrees that the remedy at law of SNELLING for violations of the provisions of this agreement will be inadequate and that SNELLING * * * shall be entitled to temporary and permanent injunctive relief against such violations, including the cost of reasonable attorney fees."
It is correct that reasonable attorney's fees may be awarded when provided for by *494 contract. Waterman v. Sullivan, 156 Colo. 195, 397 P.2d 739; Rock Wool Insulating Co. v. Huston, 141 Colo. 13, 346 P.2d 576. However, as in the cases cited above, the plaintiff here failed to sustain its burden of proof that the fee claimed was reasonable. The only testimony as to attorney's fees in this case was interjected by the plaintiff while dealing with other unrelated matters. The witness, A. Robert Strawn, answered affirmatively when asked by his attorney whether or not he had incurred any attorney's fees in this action. When asked how much they entailed, the witness responded, "Approximately a thousand dollars." This general representation was not sufficient to prove either the amount or the reasonableness of the fees. Thus, we agree with the trial court, that attorney's fees should not be awarded to the plaintiff, but not for the reason it stated, i. e., "That the violation of the contract by defendant was not culpable."
The judgment of the trial court with respect to the injunction and attorney's fees is affirmed. Its judgment as to defendant's damages on the counterclaim is reversed and remanded for a hearing to determine defendant's damages, if any.
DWYER and PIERCE, JJ., concur.