## 34337. AUTOMATIC SPRINKLER CORPORATION OF AMERICA v. ANDERSON.

JORDAN, Justice.

A writ of certiorari was granted in *Anderson v. Automatic Sprinkler Corp.,* 147 Ga. App. 236 (248 SE2d 507) (1978), to review the question of whether good faith is a prerequisite in the exercise of an absolute discretion to withhold incentive compensation.

The respondent, Hugh B. Anderson, a sales representative for petitioner, Automatic Sprinkler Corporation of America, voluntarily terminated his employment and sued claiming appellee owed him specific amounts of both deferred and non-deferred incentive compensation under the company's compensation plan. The trial court granted petitioner's motion for summary judgment as to Anderson's claim for deferred incentive compensation. The Court of Appeals reversed that grant holding that petitioner had failed to carry its summary judgment burden of showing conclusively that its decision not to pay Anderson was a good faith exercise of the discretion it possessed under the parties' employment contract. Anderson's claim for non-deferred incentive compensation remains pending below.

While a more inclusive description of this contract can be found in the opinion of the Court of Appeals, it provided in pertinent part: "The award of any direct incentive is entirely within the discretion of the corporation and nothing contained herein will be construed to the contrary. . . With respect to those representatives whose employment with the corporation is terminated [for reasons other than their disability or retirement], the payment or nonpayment of all or any direct incentive installments previously set aside but unpaid to them at the time of their termination, will rest completely in the absolute and final discretion of the Compensation Committee of the Board of Directors."

Anderson claimed he "thoroughly" read this

compensation plan before signing it. After Anderson terminated his employment, the Compensation Committee of the Board of Directors summarily rejected his request for the incentive compensation earned on sales he undisputedly made before his departure from the company. The record before us reveals no basis for the committee's decision.

The Court of Appeals held that, since Automatic Sprinkler Corporation introduced no evidence indicating a reason for its decision, it thus failed to carry the summary judgment burden of proving conclusively that it was entitled to judgment in its favor. Citing *State Hwy. Dept. v. MacDougald Const. Co.,* 189 Ga. 490 (6 SE2d 570) (1939) and *Jones v. Vulcan Materials Co.,* 112 Ga. App. 402 (145 SE2d 268) (1965), the court held that petitioner's "failure to exercise an honest judgment" or its "abuse of discretion or failure to use discretion," if proved, would render immaterial the contractual provisions vesting discretion with petitioner. We find this conclusion erroneous and reverse.

The Court of Appeals correctly applied the 1939 holding of this court in *State Hwy. Dept. v. MacDougald Const. Co.,* supra, in subsequent litigation between these same parties in 1965. In *MacDougald Const. Co. v. State Hwy. Dept.,* 125 Ga. App. 591, 593 (188 SE2d 405) (1965), the court recognized "the time honored rule that where a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion." The decision continues, however, by citing one of the most basic rules of contract construction. "What the intent of the parties was in making the contract must control; it is possible to so draw a contract as to leave decisions absolutely to the uncontrolled discretion of one of the parties and in such a case the issue of good faith is irrelevant. See VTR, Inc. v. Goodyear Tire & Rubber Co., 303 FSupp. 773." *MacDougald* at 594. There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do.

"The exercise of an absolute right or privilege is

recognized as being closely akin to the question of justification, but it is inherently different therefrom in that such a right can be exercised without incurring liability regardless of the motive for so doing." *Schaeffer v. King,* 223 Ga. 468, 470 (155 SE2d 815) (1967) and cits.

In the factually similar case of *Jones v. Vulcan Materials Co.,* 112 Ga. App. 402 (145 SE2d 268) (1965), a plaintiff was seeking payment of an incentive award under a compensation plan which, like the plan on review in this appeal, stated that all such payments were discretionary. In affirming the decision of the trial court which dismissed the complaint, the Court of Appeals correctly stated: "Whether or not the management incentive plan providing for incentive awards to employees constitutes a part of the contract of employment between the plaintiff and the defendant, the provisions of the plan are nevertheless binding on and determinative of the rights of the plaintiff who is asserting the alleged rights to the benefits thereunder." Id., at 402.

The terms of the parties' contract in this case are unambiguous. The compensation plan expressly provides that the "award of any direct incentive compensation is entirely within the discretion of the corporation." Anderson admits he "thoroughly" read these provisions before signing his employment contract. The absolute nature of the language contained in this plan contrasts with the more ambiguous language reviewed in Montgomery Ward & Co. v. Reich, 131 Col. 407 (282 P2d 1091) (1955) and cited by the Court of Appeals in their decision.

Anderson having no vested right to payment of any deferred incentive compensation and, correspondingly, petitioner having an absolute right to award or not award any such compensation, the trial court's decision that petitioner is entitled to judgment in its favor is correct and the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED FEBRUARY 19, 1979 — DECIDED JULY 2, 1979.

*Rogers & Hardin, Richard H. Sinkfield,* for appellant.

*Frank E. Stevenson, Jr., Ed Kellogg,* for appellee.