Peter C. SCHAEFER, III, Plaintiff-Appellant,

v.

HORTON–CAVEY, a partnership; Stephen K. Small, individually and as a general partner in Horton-Cavey, a partnership; Terryl K. Jensen, individually and as a general partner in Horton-Cavey, a partnership; Ralph D. Kaufman, individually and as a general partner in Horton-Cavey, a partnership; Horton Cavey Realty Company; Horton Cavey Securities Company, Defendants-Appellees.

No. 82CA1040.

Colorado Court of Appeals, Div. I.

May 31, 1984.

Rehearing Denied June 21, 1984.

Certiorari Denied Dec. 10, 1984.

Waldbaum, Corn & Koff, P.C., Michael H. Berger, Bader & Cox, Gerald L. Bader, Jr., Denver, for plaintiff-appellant.

West & Weaver, P.C., John W. Weaver, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, Peter C. Schaefer, III, appeals a judgment entered on a directed verdict denying his claim for sales commissions. We reverse and remand.

Schaefer was a salesman for defendant Horton-Cavey Realty Company (Horton-Cavey) from mid-1970 until August of 1976. A significant portion of Schaefer's income was generated through the sale of shares in limited partnerships. The purpose of each such partnership was to acquire, develop, and sell a particular parcel of real property. Commissions for the sale of partnership shares were paid in two stages. Salesmen received an initial commission when a partnership was formed. The

salesmen would receive a second, generally larger commission when the partnership sold its syndicated property, if the listing agent for the sale was Horton-Cavey. The second commission was apportioned among the salesmen who sold shares in the partnership in proportion to the number of shares sold by each as set forth in a written commission schedule.

When Schaefer was terminated in August 1976, he had sold shares in several partnerships which had not yet sold their syndicated property. Two of these partnerships, Valley Plaza Development Company (Valley Plaza) and Castlewood Development Company (Castlewood), subsequently sold their syndicated property. When Schaefer was refused commissions for the two partnerships he brought this action to recover the commissions and for a declaratory judgment that he would be entitled to his proportionate share of commissions from any future sales by those remaining partnerships in which he had sold shares.

At trial Schaefer introduced an agreement dated September 24, 1974, between Horton-Cavey and himself which was in effect at the time of his termination. The provisions of the agreement applying to termination were as follows:

"1.  Either party hereto may terminate this agreement at any time upon written notice to the other party.

.    .    .    .    .

6.  Upon termination of this agreement by any party, any listing still in effect shall remain the sole property of the Broker, and any sales under contract shall remain the property of the Broker; provided, however, that if there is a sales contract executed by both purchaser and seller before any termination of this agreement, and if the sale is consummated, and a commission is received, the Salesman or lister, as the case may be, shall receive his proportionate share of the commission as set forth in the commission schedule."

The agreement contained no other provision concerning payment of commissions for limited partnership shares. Schaefer also introduced as exhibits D and E commission schedules for Castlewood and Valley Plaza, each of which provided that "the Listing Commission shall be divided among those salesmen who sold the shares in this syndicate *provided salesman is in our employ....*" (emphasis added) The agreement and exhibits had been drafted by Horton-Cavey. It was undisputed at trial that Schaefer would have been entitled to commissions for the Castlewood and Valley Plaza partnerships had he not been terminated.

The trial court ruled that the agreement, together with the exhibits, constituted an unambiguous and integrated employment contract under the terms of which Schaefer was barred from recovering commissions accruing after his termination from Horton-Cavey. The court therefore excluded all parol evidence of the terms of the contract (other than testimony concerning the terms of compensation for limited partnership sales, to which no objection was made at trial). At the conclusion of Schaefer's case, it granted defendants' motion for a directed verdict, finding that Schaefer had failed to establish a *prima facie* case.

On appeal, Schaefer contends that the trial court erred in ruling that the agreement together with the exhibits constituted an unambiguous integrated contract under which Schaefer was barred from recovering the commissions and in excluding parol evidence of the actual agreement of the parties. We agree.

■ ■  By establishing that he would have been entitled to the commissions in question had he not been terminated, Schaefer made a *prima facie* case of his entitlement to the commissions. *Weick v. Rickenbaugh Cadillac Co.*, 134 Colo. 283, 303 P.2d 685 (1956). It was then incumbent upon defendants to establish a clear and unequivocal agreement on the part of the parties that the commissions would be forfeited in the event of termination. *Montgomery Ward & Co. v. Reich*, 131 Colo. 407, 282 P.2d 1091 (1955).

■ Any ambiguity in the employment contract documents introduced at trial must be construed against the drafter, Horton-Cavey, and against the forfeiture of earned commissions. *Moorman Manufacturing Co. v. Rivera*, 155 Colo. 413, 395 P.2d 4 (1964). And, since the determination of ambiguity in a contract is a question of law, we are not bound by the trial court's determination that the contract between Schaefer and Horton-Cavey was unambiguous. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo. 1981). Based upon our reading of the agreement and the exhibits, we find them to be ambiguous with respect to the forfeiture of the commissions in question here.

The trial court ruled that the full terms of the exhibits, including the requirement of continued employment, were incorporated by reference into the agreement. However, nothing in the agreement itself indicates that any provisions of "the commission schedule" other than "the proportionate share" that each salesman is to receive were to be incorporated into the agreement. Moreover, no evidence was offered at trial that the exhibits together constituted the "commission schedule" referred to in the agreement.

Indeed, the terms of compensation for limited partnership sales were established entirely by parol evidence, without objection from defendants. There was no evidence that these terms were ever reduced to writing. Since the agreement did not contain the terms of compensation during employment for limited partnership sales, it is questionable whether the agreement was intended to control the terms of such compensation after termination. If the agreement did not control the right to such compensation, the "commission schedules" referred to in the above quoted paragraph of the agreement must be commission schedules other than those in the exhibits.

■ The agreement itself, in relevant part, imposes a limitation on the right of a terminated salesman to "any listing still in effect" and to "any sales under contract." These phrases, however, do not unambiguously refer to the right of salesmen to the future commissions accruing as a result of the sale by a limited partnership of its syndicated property at issue here, since such a right to a commission is neither a "listing" nor a "sale under contract" in the ordinary sense.

For these reasons, we conclude that the agreement was ambiguous with respect to whether it incorporated the exhibits by reference and, if so, whether all or only a portion of the exhibits was so incorporated, and whether any other commission schedules were also incorporated.

Because of the ambiguity of the agreement and the exhibits it was error to exclude parol evidence concerning whether they were intended to constitute an integrated contract, and on the issue of the actual intent of the contracting parties concerning the right of a terminated salesman to partnership commissions. *See Chambliss/Jenkins Associates v. Forster*, 650 P.2d 1315 (Colo.App.1982).

In view of our disposition of this case, we do not address the issue, raised by Schaefer only in a footnote, that the trial court erred in denying his motion to amend his complaint (which he filed ten days before trial) by adding a claim under § 8–4–101, et seq., C.R.S.

■ The judgment is reversed and the cause is remanded for a new trial. The intent of the parties concerning the entitlement of Schaefer to commissions in the event of termination should be determined on the basis of the written instruments considered in light of all the circumstances surrounding the relationship of the parties, and any manifestations of intent by the parties. *See Fenimore v. Stauder*, 34 Colo.App. 309, 527 P.2d 943 (1974).

PIERCE and BABCOCK, JJ., concur.