The MARVIN TURNER ENGINEERS,
Appellant,

v.

Billy ALLEN, Appellee.

No. 10682.

Court of Civil Appeals of Texas.

Austin.

June 17, 1959.

Rehearing Denied July 15, 1959.

Harry S. Pollard, Austin, for appellant.

J. C. Thomas, Byrd & Davis, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the County Court, without a jury, in favor of appellee and against appellant for $334.70 as $^{11}/_{12}$ths of the amount of the bonus which appellee would have received had he not been discharged, less an offset of $25.77, and for an additional sum of $150 for attorney's fees.

The appeal is predicated on eight points and are that the court erred in awarding judgment because employees were not entitled to a bonus unless the employers determined that a bonus was justified, and employment continued through the end of the current year; in concluding that appellee was entitled to his proportionate share of the profits of the company; in failing to hold that appellee was not entitled

to receive a prorata bonus for the year 1957; in concluding that the primary purpose of the bonus system was to induce employees to perform their tasks so as to insure a profit; in finding that appellee performed satisfactory service for substantially all of 1957; in sustaining the objection to the testimony of the bookkeeper for Turner; and in refusing to consider stipulated facts as to what certain employees for Turner would have testified to as to their understanding as to when a bonus would be paid.

Appellee Allen was employed by appellant on September 8, 1952 and was discharged December 5, 1957 and was paid his salary to that date and in addition two additional weeks pay.

The court found:

"4. I find that when Plaintiff accepted employment with defendant, the bonus system was explained to him, and I further find that although longevity of employment was one reason for the bonus system, the main purpose was to induce the employees to produce a profit for the company by efficient and dedicated labors.

"5. I find that when Plaintiff was discharged by defendant on December 5, 1957, Plaintiff was paid an additional two weeks pay as earned vacation and that Plaintiff's pay record was projected through December 20, 1957, by Defendants' bookkeeper.

"6. I find that Plaintiff received bonuses in 1952, 1953, 1954, 1955 and 1956 according to the formula found in No. 3 of these findings, and that the times of payment of those bonuses were not necessarily made on a day certain, but rather on some day between December 15 and December 23, at a company Christmas party.

"7. I find that Plaintiff was not wrongfully discharged by defendant Company on December 5, 1957.

"8. I find that defendant Company made up its bonus schedule, if any, around the 1st day of December each year, and that each employees' pay record was projected through December for the purposes of figuring the amount each was to receive, and that Defendant Company on or about December 1, 1957 made up a work sheet of those who were to receive 1957 bonuses, and that Plaintiff's name appeared thereon as eligible to receive a bonus for 1957 in the amount of $365.12.

"9. I find that on December 21, 1957, all employees whose names appeared on the Bonus Work sheet were paid bonuses by defendant company, except Plaintiff, in the amounts as indicated by the work sheet.

"10. I find that Plaintiff performed satisfactory services for Defendant Company for substantially all of 1957.

* * *

"16. I find that in 1956 two employees were paid bonuses without completing a full year's employment."

and concluded:

" * * * I therefore conclude that plaintiff is entitled to his proportionate share of the profits of the defendant company as by it determined and designated for bonus purposes in December, 1957, being 11/12ths. of the amount on the 1957 work sheet, being an amount of $334.70; and the parties having agreed that an off-set in the amount of $25.77 is due defendant company, and the parties having stipulated that if plaintiff be successful that $150.00 is a reasonable attorney's fee, I find judgment for the plaintiff in the amount of $458.93."

There is no contention on the part of appellee that he was wrongfully discharged, taking the position that he was an employee at will and could be discharged at any time.

There is considerable testimony in the record as to what was said concerning such leave benefits, vacation time and a bonus to be paid at Christmas time.

Mr. Turner testified:

"Q. Marvin, did you explain to Allen the bonus plan that Marvin Turner Engineers had in effect at the time you employed him? A. Yes, I did. I explained that we had been giving an incentive bonus to the boys who had stayed with us through the full year when funds were available to permit same, and that that was based on one week's pay for each year of employment up to five years.

"Q. At the time that the bonus was paid each of the years that Allen was there—and he was there, he says here, at all of the Christmas parties—how and when was it given? A. The bonuses were given at a Christmas party which the firm had and distributed at that time, and I think all but two of those years I distributed the bonuses myself and handed them out to the employees. One of the years I was sick and unable to attend the Christmas party and Mr. Curington distributed the bonuses, and another year I think Mr. Curington distributed them himself.

"Q. Now, at the time that you distributed the bonuses, did you each time make any statement or explanation to the assembled employees concerning the bonus? A. Well, I made a little speech of appreciation to them for their efforts in helping us on the job, and that the bonus was given to them in appreciation of our feelings toward the employees, and that we hoped that business would be sufficient in the years to come where we could continue that policy.

"Q. Yes, sir. Did you ever at any time tell Mr. Allen or any other prospective employee that a bonus would be paid as an incident or integral part of salary for employment? A. No, sir. I don't think I ever told anyone that that was a definite part of the salary.

\* \* \*

"A. No, I have not paid anyone a bonus who has quit or who has been discharged, a bonus prior to any Christmas party we have ever had. I have not done that."

On cross examination Mr. Turner testified:

"Q. Now, let me see if I can clarify this, please. Is it your position that one of your employees is not entitled to a bonus unless he works for the entire calendar year for you,—by that I mean worked up through December 31st? A. Let me say this, Mr. Davis. I can give a man any amount of money I want to at any time. I mean that is my own business.
\* \* \*

"Q. Well, who in any particular year determines when the Christmas party is to be and when the bonus is to be paid? A. Well, I will say that I have made most of the arrangements for the dates for when our Christmas parties are held."

Mr. Allen testified:

"Q. What, if anything, was discussed about a bonus? A. He definitely told us that we would be eligible for a Christmas bonus, \* \* \*

\* \* \*

"Q. What was your understanding as to the payment of this bonus? By that, I mean was it a voluntary payment on the part of the defendant here, or was it considered part of your salary? A. Well, I figured it to be part of my salary."

The witness testified as to playing poker during lunch hours with other members of

the party and that Mr. Rippy, chief of all the field parties told him that Mr. Turner had called in and told him to let the witness go for the reason he was playing poker during lunch hours and into working hours. The witness said he played poker with Mr. Slim Curington, a partner in the Turner organization, and that Mr. Rippy also played. The witness testified that he was offered a job with the City of Austin and asked Mr. Rippy if he thought the witness could get his bonus.

The bookkeeper for Turner made a bonus work sheet around December 1 and that Allen's name appeared on it; that this name was later drawn through; that the work sheet indicated that Allen was eligible to receive a bonus for 1957 in the amount of $365.12.

 We believe that under the facts in the case that appellee had already earned a bonus before he was discharged.

 A bonus is not a gift or gratuity but a sum paid for services.

Payne v. United States, 50 App.D.C. 219, 269 F. 871.

In the findings of fact the court found that two former employees were laid off during November 1956 and received a bonus on December 15, 1956.

Appellee remained on the Turner payroll until December 20, 1957, and the bonus was paid on December 21, 1957.

In Johnson County v. Crosier, Tex.Civ. App., 211 S.W.2d 299, er. ref. N.R.E., the Court held many fees are not paid at the time services are rendered.

In Roberts v. Mays Mills, 184 N.C. 406, 114 S.E. 530, 28 A.L.R., 338, it was held that one employed by the week, who accepts an offer of a bonus at the end of the year for a continuous service throughout the year is entitled to the prorata share of the bonus, unless discharged for misconduct before the bonus becomes payable.

35 Am.Jur. 512, Master & Servant, Section 80.

 The error, if any, was harmless in excluding the testimony of appellant's bookkeeper who was not acquainted with the facts concerning the bonus policy as explained to Allen.

2 Texas Law of Evidence, McCormick & Ray, 2d Ed., 216 Sec. 1391–1393.

The trial court's findings of fact are reasonably supported by the evidence.

The judgment of the trial court is affirmed.