HAGGAR COMPANY, Appellant,

v.

C. G. RUTKIEWICZ, Appellee.

No. 4515.

Court of Civil Appeals of Texas.

Waco.

July 21, 1966.

Rehearing Denied Aug. 11, 1966.

Thompson, Knight, Simmons & Bullion, Jerry L. Buchmeyer, Dallas, for appellant.

Lane, Savage, Counts & Winn, William V. Counts, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendant Haggar Company from a judgment against it in favor of plaintiff Rutkiewicz for $5,975.40 for services performed, plus attorneys' fees.

Plaintiff Rutkiewicz sued his former employer, defendant Haggar, alleging he was employed by defendant as a Vice-President with responsibilities relating to quality control in the manufacture of pants and slacks; that plaintiff and defendant agreed that plaintiff was to receive (in addition to his salary) approximately 2.5% of the net profits of the manufacturing plants; that such was due to be paid on December 31st of each year; that plaintiff worked from October 1, 1961 to March 11, 1962 and became entitled to an amount not less than $6000 for such 5 months period; that plaintiff prays for an accounting and for such amounts as due, plus attorneys' fees, "and for such all and further relief as plaintiff shall show himself to be justly entitled."

Defendant answered by general denial.

Trial was to a jury, which found:

Issue 1: "Do you find, from a preponderance of the evidence, that between October 1, 1957, and March 1, 1962, the officers of Haggar Company entered into an agreement with C. G. Rutkiewicz to pay, in addition to salary, to C. G. Rutkiewicz for his services, for any time less than a year, any form of bonus under the terms of the Managers' Incentive Plan in question?

"Answer 'Yes' or 'No.'

"Answer: 'Yes.'"

If you have answered the preceding issue "Yes" then answer the following issue; otherwise, do not answer it.

Issue 2: "From a preponderance of the evidence what do you find C. G. Rutkiewicz is entitled to receive from Haggar Company under the terms of such agreement, if you have found in answer to Special Issue No. 1, for services, if any, performed by C. G. Rutkiewicz for Haggar Company from October 1, 1961, to March 1, 1962?

"Answer in dollars, if any, and cents, if any, or 'None.'

"Answer: $5,975.40."

The trial court found that $1200 was a reasonable attorneys' fee and entered judgment for plaintiff for $7175.40; and denied plaintiff's contention for interest on his claim from January 1, 1963 to date of judgment.

Defendant appeals on 6 points, contending:

1) Plaintiff is not entitled to participate on a pro rata basis for the time he worked, in the proceeds of defendant's year-end incentive bonus plan when admittedly he voluntarily terminated his employment 7 months before the end of the year.

2) There is no evidence, or insufficient evidence, to establish that defendant agreed to pay plaintiff a pro rata share of the year-end incentive bonus if the plaintiff voluntarily terminated his employment before the end of the year.

3) There was no evidence, insufficient evidence, and no proper pleading to support submission of Issues 1 and 2.

Plaintiff complains by cross point of the refusal of the trial court to allow him interest on the $5,975.40 from January 1, 1963 to date of judgment.

It was stipulated that under defendant's Manager's Incentive Plan, plaintiff was to be paid compensation in addition to salary, to be computed in a specified manner from "Employer's Bonus Base", which defendant set for plaintiff at $12,500; that computations made in accordance with the plan, in the case of plaintiff, reflect amounts for the period October 1, 1961 to January 31, 1962 of $4929.82; and for the month of February, 1962 of $1045.58. (Total $5975.-40). Monthly statements furnished by defendant to plaintiff show plaintiff's "Net Bonus" from October 1, 1961 to January 31, 1962 to be $4929.82 under the Manager's Incentive Plan.

Defendant's Vice-President Haggar testified the monthly statements were furnished plaintiff "to show him what he was making"; and that defendant had every intention of paying plaintiff his bonus "at the end of the fiscal year."

Plaintiff testified that at no time was there any discussion to the effect that the payment of amounts of bonus furnished him on the monthly statements was to be purely discretionary with the Haggar Company; that the payments were to be made to him if he performed; that nothing was ever said by anyone connected with Haggar Company that it was a condition of his receiving the bonus that he remain with the company for the entire year.

The record reflects no other employee was paid for the amounts of profits attributable to plaintiff's services for the 5 months period in issue; it is stipulated that "revisions" were only made to increase the amount of bonus; and that substantial profits were made in the last 7 months of the year in issue. Thus the amount of plaintiff's bonus for the past 5 months, had he not terminated his employment, could not have been reduced for such 5 months below the $5975.40 amount.

■ We think under the record the jury authorized to believe defendant agreed to

pay plaintiff for his services for time less than a year, a form of bonus under the terms of the Manager's Incentive Plan.

■ Moreover, ordinarily an employee entitled to a percent of the profits may on termination of his employment within a compensation period recover his share of the profits earned up to the date of termination. 56 C.J.S. Master and Servant p. 554; Montgomery Ward & Co. v. Reich, 131 Colo. 407, 282 P.2d 1091.

Plaintiff was entitled to the $5975.40 on January 1, 1963. Judgment was entered on December 16, 1965. Being entitled to such money on January 1, 1963, he is entitled to interest on same from such date to date of judgment. Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Texas Co. v. State, 154 Tex. 494, 281 S.W.2d 83, 92. Plaintiff prayed for an amount "in excess of $6,000; attorney's fees; for an accounting; for such amounts as a proper accounting will show him to be entitled; in a second count plaintiff prayed

for $6346.56, plus attorney's fees "and for all and such other relief as plaintiff may upon trial hereof show himself justly to be entitled."

■ Defendant did not except to plaintiff's pleadings. Defendant had the use of the $5975.40 owed plaintiff since January 1, 1963. We think plaintiff entitled to interest, and plaintiff's pleading and prayer, in the absence of Special Exception, sufficient to require the trial court to award same. Buckner v. Ark. Fuel Oil Corp., Tex. Civ.App., (n.r.e.), 319 S.W.2d 204; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

Defendant's points and contentions are overruled; plaintiff's cross point is sustained.

Judgment is reformed awarding plaintiff interest at 6% on $5975.40 from January 1, 1963 to date of judgment; and as reformed is affirmed.

Reformed and affirmed.