Lloyd A. STONE, Appellant,

v.

Harry MOORE, Jr., Trustee in the matter of Billie Sol Estes, Bankrupt, Appellee.

No. 22689.

United States Court of Appeals
Fifth Circuit.
April 3, 1967.

Jack Hazlewood, Amarillo, Tex., for appellant.

Wm. J. Rochelle, Jr., Dallas, Tex., Allan L. Poage, El Paso, Tex., for appellee.

Before HUTCHESON, COLEMAN and GODBOLD, Circuit Judges.

HUTCHESON, Circuit Judge:

Appellant Stone [1] filed proof of a creditor's claim against the bankrupt estate of Billie Sol Estes.[2] The Trustee in Bankruptcy objected to the allowance of the claim on the ground that Claimant had failed to surrender, as required by Sec. 57(g) of the Bankruptcy Act,[3] a voidable transfer previously received from the Bankrupt. The district court affirmed the order of the Referee in Bankruptcy disallowing the claim unless and until Claimant surrendered the transfer to the Trustee. We affirm.

Claimant is the general manager of a company owned by the Bankrupt. On December 21, 1961, Claimant's supervisor, the manager of Estes Enterprises, told Claimant by telephone that Bankrupt said that it had been a good business year, that everyone had worked diligently, and that everyone was to receive a Christmas check. Claimant was instructed to write the checks for himself and other employees. Thus authorized, he wrote a check payable to himself in an

---

1. Hereafter cited as Claimant.

2. Hereafter cited as Bankrupt.

3. "The claims of creditors who have received or acquired * * * transfers * * * void or voidable under this title, shall not be allowed unless such creditors shall surrender such * * * transfers * * *." 11 U.S.C. Sec. 93(g). A creditor who has received a voidable transfer is thus confronted with the alternative either to surrender the undue advantage he has secured over other creditors or to forfeit any claim to a dividend out of the estate. See 3 Collier, Bankruptcy Sec. 57.19, at 281 (14th ed.).

amount equivalent to two months' salary less withholding taxes. The check was marked "Merry Christmas." This transfer was made at a time when the Bankrupt was insolvent and within one year before the filing for bankruptcy. After the Bankrupt had filed for bankruptcy, Claimant filed a claim against the bankrupt estate which the Trustee disallowed.

■ In order to ascertain whether the Christmas check was a voidable transfer and thus must be surrendered before Claimant's claim will be allowed, it is necessary to examine relevant provisions of the Bankruptcy Act, 11 U.S.C. Sec. 1 et seq. A voidable transfer is described by Sec. 67d(2) (a), 11 U.S.C. Sec. 107d(2) (a):

> Every transfer made * * * by a debtor within one year prior to the filing of [bankruptcy] is fraudulent (a) as to creditors existing at the time of such transfer * * * if made * * * *without fair consideration* by a debtor who is * * * insolvent, without regard to his actual intent. (emphasis added)

Every fraudulent transfer made within one year prior to the filing of bankruptcy is voidable. See 4 Collier, Bankruptcy Sec. 67.02, at 26 (14th ed.) Thus the transfer made by the Bankrupt to Claimant in the instant case is voidable if it were made without fair consideration. However, Claimant insists that the check does qualify as fair consideration. He relies on Sec. 67d(1) (e), 11 U.S.C. Sec. 107d(1) (e), which provides that consideration is fair "when, in good faith, in exchange and as a fair equivalent therefor, * * * *an antecedent debt is satisfied*". (emphasis added). Claimant contends that the check satis-

fied an antecedent debt owing to him from the Bankrupt. The debt purportedly was created when the Bankrupt informed the supervisor that Claimant was to receive a bonus, i. e., the declaration, of which Claimant was unaware, created an obligation that Bankrupt pay the bonus. The district court, however, found that the check did not satisfy any antecedent debt. To the contrary, it held that the check was a Christmas bonus intended as a gift.

■■ In support of the position that the check satisfied an antecedent debt, Claimant cites cases in which the company's bonus system was explained to prospective employees prior to employment in an effort to induce them to accept the job and remain with the company for relatively long periods of time. Moreover, the prospective employees were told that the bonus depended upon the profit attributable to their work. In such bargaining circumstances, a contract based on the reasonable expectations of the parties is formed, and a bonus paid pursuant to that contract is in consideration of an antecedent debt as distinguished from a gratuity. See, e. g., Walling v. Stone, 131 F.2d 461 (7th Cir. 1942); Willoughby Camera Stores, Inc. v. Commissioner, 125 F.2d 607 (2d Cir. 1942); Marvin Turner Engineers v. Allen, Tex.Civ.App., 326 S.W.2d 200 (Austin—1959), no writ hist. Those cases clearly are not in point because there is no evidence that Claimant was led to expect a bonus prior to the supervisor's call[4] nor is there any evidence of any bonus arrangement in the Estes organization. Thus there is no contract or understanding between the parties with regard to a bonus and hence no antecedent debt to be satisfied by a bonus.

---

4. Claimant testified as follows in response to a question by his own counsel:

Q. At any rate, when you went to work for Mr. Estes, did you have any kind of an understanding that there would be in addition to your salary a bonus based on progress in the business, and so on?
A. I couldn't say exactly what that amounted to. Billie Sol always told me that his people who had worked hard were rewarded. I received one raise. I started to work for the salary of a thousand dollars a month, and sometime in 1961 * * * I was raised to twelve hundred fifty dollars a month, which was for special effort and hard work.

The Christmas check plainly was a gift and not in satisfaction of an antecedent debt. It therefore was voidable since it was made without fair consideration. The district court correctly determined that the asserted claim should not be allowed unless and until the voidable transfer has been surrendered to the Trustee.

The judgment is affirmed.