Kenneth F. MILLER, Appellant,

v.

RIATA CADILLAC COMPANY, Appellee.

No. 15277.

Court of Civil Appeals of Texas, San Antonio.

March 27, 1974.

Rehearing Denied April 17, 1974.

James R. Warncke, San Antonio, for appellant.

Horace P. Shelton, San Antonio, for appellee.

BARROW, Chief Justice.

Plaintiff, Kenneth F. Miller, brought this suit to recover a pro-rata share of an annual bonus allegedly owed under his oral contract of employment as used-car manager for Riata Cadillac Company. Miller was discharged on October 20, 1971, and seeks to recover a pro-rata share of the 1971 bonus. A partial summary judgment was granted defendant, and a take-nothing judgment was rendered non obstante veredicto after a trial on the merits.

Miller asserts four assignments of error in this appeal. The first three points complain of the trial court's action in disregarding the jury finding that the general manager did not have good cause to terminate Miller's employment and in rendering a take-nothing judgment. Under these points, Miller urges that the take-nothing judgment should be reversed and judgment here rendered for appellant, whereby he recover 293/365th of the stipulated net profits [1] owed the used car manager. His fourth point complains of the trial court's action in sustaining a special exception to his alternative plea for recovery on a quantum meruit and under this point, he seeks a remand.

Miller was employed as a used-car manager for Riata on February 10, 1968, pursuant to an oral agreement with Hubert Riley, president and general manager of Riata. Under the terms of this agreement, Miller was to receive a monthly salary of $350.00, plus a monthly bonus based on the gross profits of the new and used-car departments under a fixed graduated scale. These emoluments were paid in full up to the termination of Miller's employment, whereby he received the sum of $37,455.07. Miller alleged that a bonus of two and one-half percent of the annual net profits of appellee was to be paid the used-car manager at the end of March following such year. Annual bonuses were paid to him for the years 1968, 1969, and 1970. Riata contended that such bonus was payable to the person holding such position on December 25, and since Miller left on October 20, 1971, nothing was owed him for 1971. Plaintiff's successor received such bonus, but in accordance with the terms of the agreement, received same only on a pro-rata basis for the period he had held such position.

---

1. The parties stipulated that two and one-half percent of the net profits for 1971 were $15,519.33.

Riata sought a summary judgment on its plea that the oral contract sought to be enforced came within the statute of frauds,[2] and was, therefore, unenforceable. It also urged that Miller had admitted in his oral deposition that the bonus was payable only if he held the position of used-car manager on December 25. A partial summary judgment was entered, whereby the trial court found that the contract was not within the statute of frauds, and ordered that the cause be tried only on the question of whether Miller was entitled to a proportionate share of the annual bonus for the proportionate part of the year he actually worked for Riata. The court also sustained Riata's special exception to Miller's alternative plea for recovery on a quantum meruit and ordered same stricken.

The jury found, in response to the only issue submitted, that Riley did not have good cause to terminate the employment of Miller on October 20, 1971. Miller concedes that he was employed on a month-to-month basis, or for an indefinite period of time, and, therefore, could be discharged for any reason at any time. See Scruggs v. George A. Hormel and Company, 464 S.W.2d 730 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). He urges, however, that Riata's right to discharge is without prejudice to his own right to receive a pro-rata part of the promised annual bonus for the period he had actually worked since he was discharged through no fault of his own.

■ Although commonly referred to as a "bonus," a general bonus, profit-sharing, or other incentive plan forms an integral part of many employer-employee contracts and is binding upon the employer as soon as the employee has rendered any substantial service under same. Marvin Turner Engineers v. Allen, 326 S.W.2d 200 (Tex. Civ.App.—Austin 1959, no writ); Corbin on Contracts, Volume 1A, Section 153 (1963). A more difficult question, and one

on which there is a division of authority, is the effect on such bonus of the termination of the employee's services, either voluntarily or involuntarily, prior to the time specified for the distribution of the bonus. See Anno.: Bonus or Profit-Sharing Plan, 81 A.L.R.2d 1066, 1069. We have found no Texas decision which squarely considered this question. Nevertheless, the only Texas authorities which have considered the subject permitted the employee to recover on a pro-rata basis where the employment was terminated prior to the time specified for payment of the bonus.

In Haggar Co. v. Rutkiewicz, 405 S.W. 2d 462 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.), the court, although it upheld a jury finding that the employer agreed to pay employee for his services for time less than a year, quoted with approval the rule from 56 C.J.S. Master and Servant § 112, p. 554, as follows:

"Ordinarily an employee entitled to a per cent of the profits may on termination of his employment within a compensation period recover his share of profits earned up to the date of termination." This rule was followed by the Fifth Circuit in determining the rights under Texas law of two employees who quit their employment before the end of the fiscal year when a profit-sharing bonus was to be computed. In Marvin Turner Engineers v. Allen, supra, an employee was permitted to recover 11/12th of a bonus where he was discharged in early December. See also Eisenbeck v. Buttgen, 450 S.W.2d 696 (Tex. Civ.App.—Dallas 1970, no writ).

■ We conclude, and here adopt as the Texas rule, that an employee who is discharged without good cause prior to the time specified for payment of a bonus is entitled to recover a pro-rata part of such bonus for the period he actually worked.

---

2. Section 26.01, Business & Commerce Code, Tex.Rev.Civ.Stat.Ann.; Article 3995(5), Tex. Rev.Civ.Stat.Ann.

Riata urges, however, that in any event, the bonus provision of the oral contract could not be fully performed within one year and, therefore, was not enforceable under the statute of frauds. Miller specifically alleged that the bonus was not payable until March following the end of such calendar year. Presumably, time would be needed for an audit to determine the net profits. Thus, the full performance of the contract could not be had within one year, and the provision comes within the terms of the statute. Bratcher v. Dozier, 162. Tex. 319, 346 S.W.2d 795 (Tex.1961); 147 Tex. 106, Chevalier v. Lane's, Inc., 213 S.W.2d 530 (1948); 26 Tex.Jur.2d, Statute of Frauds, Section 32 (1961). Nor is this rule changed by Miller's performance under the contract. Chevalier v. Lane's, Inc.,˙ supra; Paschall v. Anderson, 127 Tex. 251, 91 S.W.2d 1050 (1936); Jackman v. Anheuser-Busch, Inc., 162 S.W.2d 744 (Tex.Civ.App.—Dallas 1942, writ ref'd). The trial court did not err in concluding that Riata's promise to pay a profit-sharing bonus in March of 1972 for Miller's services in 1971 is not enforceable. Miller's first three points are overruled.

Miller's final point complains of the trial court's action in sustaining Riata's special exception and striking his alternative plea for recovery on a quantum meruit. Such point has not been properly preserved for review on appeal. This was a jury trial, and Miller did not file a motion for new trial. He is, therefore, limited on appeal to his complaint of the court's action in rendering judgment non obstante veredicto. Rules 324 and 325, Texas Rules of Civil Procedure. He may not complain of the court's action in sustaining Riata's special exception. First National Life Insurance Co. v. Herring, 318 S.W.2d 119 (Tex.Civ.App.—Waco 1958, no writ).

The judgment of the trial court is affirmed.